63  41
46a  46

MERRIMAN W. WALMSLEY

*v.*

SARAH ROBINSON.

1. MARRIAGE CONTRACT—*instruction as to evidence.* On the trial of an action for the breach of a contract to marry, the court gave this instruction: "In this suit the jury may infer a promise to marry to have been made by the defendant, 1st, from the conduct of the parties; 2d, from the circumstances which usually attend an engagement to marry, as visiting, the understanding of friends and relatives, preparations for marriage, and the reception of the defendant by the family of Sarah Robinson as a suitor:" *Held,* that the instruction was erroneous. It does not follow that because a man is the suitor of a lady and visits her frequently, a marriage engagement exists.

2. SAME—*evidence—statements of plaintiff—hearsay.* On the trial of a case for breach of a marriage engagement, the court permitted the plaintiff to prove by a witness what plaintiff had told the witness about the marriage engagement, in the absence of the defendant: *Held,* that such testimony was hearsay, and that the court erred in its admission.

WRIT OF ERROR to the Circuit Court of McLean county; JAMES S. EWING, Esq., acting Judge, presiding, by consent of the parties.

Messrs. ROWELL & HAMILTON, for the plaintiff in error.

Messrs. HUGHES & McCART, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, to recover damages for an alleged breach of a marriage contract.

Among the witnesses for the plaintiff was her sister Libbie, who was permitted to testify, against the objections of the defendant, what the plaintiff had told her about a marriage engagement between her and the defendant, and this in the absence of the defendant.

This testimony should not have been admitted; it was hearsay, and therefore objectionable. A party can not make testimony for himself to be given to the jury through the lips of another.

The eighth instruction given for the plaintiff was excepted to by the defendant. It was this:

"In this suit the jury may infer a promise to marry to have been made by the defendant: 1st—from the conduct of the parties; 2d—from the circumstances which usually attend an engagement to marry, as visiting, the understanding of friends and relatives, preparations for marriage, and the reception of the defendant by the family of Sarah Robinson as a suitor."

We think this instruction is too broad; it gives the jury a latitude too great. It by no means follows, because a gentleman is the suitor of a lady, and visits her frequently, that a marriage engagement exists between them. If this were so, it would be dangerous for an unmarried man to pay attention to an unmarried woman. Juries always lean toward the woman, and no man would be safe from the contrivances of

an artful and designing female whose company might please him. We think the instruction should not have been given.

For the errors noticed, the judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*