## STATE *vs.* HENRY BRINKHAUS.

### November 24, 1885.

Criminal Law — Seduction under Promise of Marriage — Form of Promise.—In a prosecution for seduction under a promise of marriage, it is not necessary that the promise should have been expressed in any set form or in any particular language. It is sufficient if language was used which implied such a promise, and was intended to convey that meaning, and was in fact so understood by the prosecutrix.

Same—Evidence—Corroboration of Prosecutrix.—The statute does not require direct and positive corroborative evidence, but simply such facts and circumstances as fairly tend to support the evidence of the prosecutrix, and shall satisfy the jury that she is entitled to credit. When there is-some other evidence fairly tending to support her testimony upon all the facts essential to constitute the offence, it is for the jury to say whether she is sufficiently corroborated to warrant a conviction.

Same—Evidence held Sufficient.—The corroborative evidence in this case as to the promise of marriage and as to previous chaste character considered, and *held* sufficient.

Same—" Unchaste Character."—Although a female may, from ignorance or other causes, have so low a standard of propriety as to commit or permit indelicate acts or familiarities, yet if she have enough of the sense of virtue that she would not surrender her person, unless seduced to do so under a promise of marriage, she cannot be said to be a woman of "unchaste character," within the meaning of the statute.

Same—Evidence—Consent induced by Promise.—In a prosecution for seduction, it is competent for the female to testify to the fact that she consented to the intercourse because of the promise to marry.

Appeal by defendant from an order of the district court for Carver county, *Macdonald,* J., presiding, refusing a new trial.

*H. J. Peck,* for appellant.

It was error to allow the prosecutrix to state that she allowed the intercourse because of the promise of marriage.  1 Greenl. Ev. § 65; *State* v. *Garvey,* 11 Minn. 95, (154;) *Hathaway* v. *Brown,* 22 Minn. 215.

*William J. Hahn*, Attorney General, and *James M. Martin*, for the State.

MITCHELL, J.   The defendant was convicted of the crime of seducing, under promise of marriage, an unmarried female of previous chaste character.   Gen. St. 1878, *c.* 100, § 6.   The statute provides that no conviction shall be had on the testimony of'the female seduced, unsupported by other evidence.

The main contention here is that the evidence is insufficient to sustain the verdict, in that (1) it did not appear that there was any promise of marriage, or that the intercourse was by reason of such promise; (2) that it appears that the female was not of previous chaste character; and (3) that there was no evidence corroborative of that of the prosecutrix.

1. We think that the evidence of the prosecutrix fairly and reasonably tends to prove the promise.   It is true that she is unable to state all that was said, or the exact words used by defendant.   She does not say that he, in so many words, expressly said, "I promise to marry you;" but this is fairly implied in what he did say.   A promise of marriage need not be expressed in any set form, or in any particular words.   It is enough if language is used which implies such a promise, and is intended to convey that meaning, and is in fact so understood by the prosecutrix.   Her evidence is corroborated by other evidence, showing that he had been waiting on her for some time as a lover, coming to see her several times a week, on which occasions he was frequently alone in her company.   She is also corroborated by the testimony of her brother, to the effect that on one occasion, when talking about marrying her sister, defendant said that his parents were opposed, but he didn't care,—he would do as he pleased; that they would not have to live with her when he got married to her.   We think this was sufficient.

The statute does not require direct or positive corroborative evidence, much less evidence sufficient to convict independently of that of the prosecutrix, but simply such facts or circumstances as fairly tend to support her evidence, and shall satisfy the jury that she is worthy of credit.   And when there is some other evidence fairly tending to support that of the prosecutrix upon all the facts essential to con-

stitute the offence, it is for the jury to say whether she is sufficiently corroborated to warrant a conviction. *State* v. *Timmens*, 4 Minn. 241, (325.)

2. The girl testifies that she yielded her virtue to defendant because he gave her to understand that he was going to marry her, and that she had never had sexual intercourse with any man prior to that time. Her evidence is corroborated by other testimony showing that she was an inmate of her father's family and that of her married sister, who were farmers in the neighborhood where she had lived since a child; that she was a country girl, aged 23 years, and seems to have been received in such society as the neighborhood afforded of the social rank of her family. Some of the neighbors, who had known her for years, testified that they never saw anything improper in her conduct. As chastity is the rule and not the exception with the female sex, we think this was sufficiently corroborative of her previous chaste character. *State* v. *Timmens, supra.*

It is contended, however, that by her own admissions she had been unchaste in her previous intercourse with defendant on two different occasions, when he slept in or upon the same bed in which she and her sister were. She expressly denies any sexual intercourse on either of these occasions. It must be admitted that such conduct on the part of any woman belonging to a class of society having any correct sense of propriety, would stamp her as unchaste. And it is, perhaps, difficult to reconcile such conduct on the part of any woman, however stolid or ignorant, with the theory of her chastity. But consideration must be given to the social grade of herself and her family, and to other surrounding circumstances. These occurrences took place while defendant was or might have been considered her recognized suitor or lover. The acts were committed openly, in the presence and with the knowledge of her whole family,—brothers, unmarried sister, her married sister, and her husband,—some of whom, at least, were in the same room. This conduct seems never to have caused any objection, or even comment, from any of them. It does not appear that at either of these times was defendant undressed. Indeed, on one of them it appears that he was not. According to defendant's own testimony, on one of these occasions the married sis-

ter and her husband, who were in bed in the same room, invited him to sleep with them.

The whole evidence tends to show that the family belonged to a rather low social *stratum*, with little sense of delicacy, and with very crude ideas of social propriety. And yet, if there are women of this class who have so low a standard of delicacy and propriety as to allow these unseemly familiarities even with lovers, but who have enough of the womanly instinct to stop short of yielding their virtue, it cannot be said as a matter of law that they are unchaste. If they have enough of the sense of virtue that they would not surrender their chastity except when induced to do so under a promise of marriage, it would be a crime to seduce them to do so under such a promise.

Had we to decide this case *de novo* upon the printed record, we might have doubts whether the act of defendant was seduction or fornication. But we cannot assume the functions of the jury or trial court. If we should, we would doubtless commit more errors than we would correct. They had advantages that we have not. They had both the defendant and prosecutrix before them as witnesses, which is a very important thing, especially in cases of this kind. They saw and could give due consideration to the apparent social standing of the parties, their grade of intelligence, and their apparent truthfulness or their lack of candor. There was evidence reasonably and fairly tending to prove all the facts essential to constitute the offence. It was submitted to the jury under a very fair and clear charge from the court. The trial judge, who, under the rule established by this court, has a very broad discretion in the matter of granting new trials, has expressed as his views that the verdict should stand. Under such circumstances we cannot interfere.

We think it was entirely competent for the prosecutrix to testify that she permitted defendant to have intercourse with her because of the promise of marriage. The cases cited by counsel in opposition to this are, in our opinion, not analogous. We find no error in the charge of the court. To guard them against the influence of comments of counsel upon the seriousness of the punishment, he expressly instructed the jury that that was a subject with which they had noth-

ing to do, and should not take it into account. In view of that instruction, which was entirely proper, the defendant could not have been prejudiced by the fact that the court, in casually referring to the different penalties which might be inflicted, fell into an inaccuracy. When the attention of the court was called to it at the close of the charge, he stated to the jury: "I merely said this: I can send him to state prison or not, just as I think right or proper. Punishment is a matter you have nothing to do with."

Order denying new trial affirmed, and case remanded to the district court, with instructions to proceed to pass sentence upon the defendant, and enter judgment in said action; and the defendant is hereby ordered to be and appear before said district court at such time and place as said court may determine, then and there to receive such sentence as said court may impose, and to abide the order and judgment of that court..