MATT CLARK *vs*. C. N. NELSON LUMBER Co.

November 30, 1885.

Evidence—Conversion—Intermingled Logs.—Where logs bearing plaintiff's marks were mingled with defendant's logs in the private mill-boom of the latter, and sawed by them into lumber along with logs of their own, *held* sufficient evidence of a conversion thereof by defendant.

Same—Scale-Bill of Surveyor-General as Evidence of Possession.— *Held*, also, that a certified copy of scale-bills taken from the records of the surveyor-general of logs, purporting to be a scale of logs for the defendant in its mill-booms at Stillwater and Lakeland, and including, in separate columns, log-marks, the number of logs, and the quantity in feet of each log-mark, with date and place therein indicated, and signed by the surveyor-general, and which purported to include logs bearing plaintiff's marks, were *prima facie* evidence of defendant's possession of the logs in controversy.

Appeal—Grounds for New Trial must appear on Record.—The grounds upon which a motion for a new trial in the trial court is made should be stated, and appear upon the record, in order to be available upon appeal.

v.34m—19

Appeal by defendant from an order of the municipal court of Stillwater, refusing a new trial, after a trial without a jury. The scale-bills referred to in the opinion were in the following form, viz.:

"SCALE OF LOGS FOR C. N. NELSON LUMBER CO. IN MILL-BOOM AT STILLWATER.

| | | | | | | |
|---|---|---|---|---|---|---|
| "M N D 4 | - | - | - | - | - | 350 |
| "Z 4 1 | - | - | - | - | - | 140 |
| ": M : 2 | - | - | - | - | - | 180 |
| * | * | * | * | * | * | * |

"*Stillwater, Minn., April 30, 1884.*

"JNO. S. PROCTOR.

"Sur. Genl."

*Fayette Marsh,* for appellant.

The scale-bills are not in the form required by the statute, and therefore not evidence. Gen. St. 1878, c. 32, §§ 11, 17. Even if in proper form, they would only be evidence of what was contained in them, and they merely show that the logs were situate somewhere within the place designated in the scale-bills. This may have been true and still the logs might not have been in defendant's possession.

*Searles, Ewing & Gail,* for respondent.

VANDERBURGH, J. Action for the conversion of logs by defendant. The matter in controversy here is whether there was evidence sufficient to make a case for the plaintiff in respect to the alleged possession and appropriation of his logs by defendant. The case turns upon the effect to be given to certified copies of the record of certain scale-bills of the surveyor-general of logs, which were received in evidence. The logs in question have certain marks belonging to plaintiff, which were duly recorded in his name in the office of the surveyor-general. The evidence also tended to show that all logs received by defendant in its mill-booms were intended to be and were sawed into lumber.

Was the record of the scale-bills in question, purporting to include the logs bearing plaintiff's mark, described in the complaint, sufficient to sustain the finding of the court that they came into defendant's possession? It is claimed by the defendant that these scale-bills do not comply with the statute, and were not properly recorded,

and hence that the certified copies prove nothing. It appears that they were of the form in common use upon the survey of logs coming into private booms, and made at the request of the owners of such booms in order to ascertain the marks and quantity of logs therein, and not upon a sale or transfer of logs. Each of such scale-bills purports to be a "Scale of logs for C. N. Nelson Lumber Co. in their mill-boom at Stillwater," followed by several columns purporting to contain the marks of logs, the number of the same, and the amount in feet of each mark, including logs bearing plaintiff's mark, and also indicating time and place, as, for example, "Stillwater, Minn., September 30, 1884."

From this it sufficiently appears that the scale was made for defendant, or at its request, of logs in its mill-boom at Stillwater. The date of the bills is presumptively that of the completion of the scale, for it would be the duty of the officer to make it then. And the columns, in connection with the heading, and the common usage and understanding, are readily interpreted to indicate the marks, number, and quantity of the logs of each mark scaled.

It would appear that in such cases the logs are scaled at the request of parties requiring it, to indicate the amount and ownership of the logs in particular booms, and not for purposes of transfer or delivery. No scale-mark by the surveyor-general need, therefore, in such cases, be placed in the bill, as contemplated by Gen. St. 1878, *c.* 32, § 15. The evidence was *prima facie* sufficient to show defendant's possession of the logs in controversy, and the fact that they were sawed into lumber was sufficient to show their conversion.

On the motion for a new trial in the court below, no grounds of the motion were stated, and the record does not disclose the grounds upon which the same was considered and determined. The appeal to this court is to correct errors in the rulings and decision of the trial court. The record should therefore show what matters were passed upon by that court.

Order affirmed.