Dunlap v. Clark.

*Decree affirmed.*

## Edward A. Dunlap
### v.
## Estella Clark.

*Breach of Promise of Marriage—Action for—Evidence of Defamation of Character, Inadmissible—Damages—Measure of—Evidence—Conflict of—Instructions.*

1.    Breach of promise of marriage and defamation of character, being distinct causes of action, can not both be made the subject of inquiry in the same suit.

2.    In an action for breach of promise of marriage, evidence of defamation of the plaintiff's character by the defendant is inadmissible.

3.    In such an action evidence of preparations for the contemplated marriage is admissible, as furnishing an element to be considered in the computation of damages.    Such preparations, unless made with the knowledge and assent of the defendant, are inadmissible to establish a promise of marriage by either party.

4.    The assessment of damages in such cases should include only such damages as result in consequence of the non-performance of the contract.    Where the evidence does not show the loss of a permanent home, the money value of such a home should not be included in such assessment.

5.    An instruction calling the attention of the jury to the attendant facts and circumstances which tended to corroborate one of the parties only, where their testimony is conflicting, is one-sided, unfair and erroneous.

Dunlap v. Clark.

[Opinion filed January 7, 1888.]

In error to the Circuit Court of Marshall County; the Hon. N. W. Green, Judge, presiding.

Messrs. Edwards & Evans, for plaintiff in error.

Messrs. J. H. Jackson and Burns & Ong, for defendant in error.

Baker, J. In this action of *assumpsit* for breach of a marriage promise, tried in the Marshall Circuit Court, the verdict of the jury was in favor of Estella Clark, plaintiff below, for $1,800 damages, and the court rendered judgment thereon.

During the trial one John Judd, a witness for Estella Clark, was permitted to testify, over the objections of Dunlap, defendant below, that ten days or two weeks before Dunlap went away he said he was going away for reasons; that plaintiff wanted him to marry her and insisted on it and threatened him; that he said he did not believe the threat, did not think she was in that condition; that it might be so, but that he did not know how it might be. Dunlap also objected, but without avail, to the plaintiff's reading to the jury from the deposition of one Nerr H. Mullin that in a conversation he, Mullin, had with defendant on the subject of marrying the plaintiff, Dunlap said: "I think other fellows are running with her; you know what I mean." It further appeared from the testimony that plaintiff below was not in the family way; and both she and Dunlap testified positively they had never had sexual intercourse; and there was no evidence tending to show immoral conduct by her with other parties.

These statements of Dunlap derogatory to the character of the plaintiff Clark, were improperly permitted to go to the jury, and their effect probably was to give to the plaintiff damages for slander in this action for breach of promise. It was said by the Supreme Court in Greenup v. Stoker, 2 Gilm. 688: "If the defendant has slandered the plaintiff, either before or after the commencement of this suit, he is liable to her in a distinct action, and, if sued, can not set up the recovery in this

Dunlap v. Clark.

case against a recovery for slanderous words. The breach of contract and the defamation of character are two very different things, and both can not be made the subject of inquiry in the same suit." When the case cited was again before the court, in Greenup v. Stoker, 3 Gilm. 202, an instruction was expressly approved which directed the jury, in their assessment of damages, to disregard any injuries inflicted on the character of the plaintiff except so far as might result as a consequence from the non-performance of the contract. The extreme limit to which the courts have gone in respect to such matter is, that, if the defendant in a suit for breach of promise undertakes to defend on the general bad character or criminal conduct of the plaintiff, and fails altogether in the proof, then the jury may consider this in aggravation of damages. 2 Parsons on Contracts, 69; Southard v. Rexford, 6 Cowen, 254; Greenup v. Stoker, 2 Gilm. 288.

No attempt of this kind was made in the case at bar, and the ruling of the court was clearly erroneous, and in our opinion the error was not cured by the instruction not to take into account any damages sustained by the plaintiff by reports raised since the commencement of suit or before its commencement, either by the defendant or others.

Exception was also taken at the trial to the admission in evidence of the testimony of the plaintiff below and her mother, with reference to preparations made by the former for the contemplated marriage in the purchasing and making up articles of clothing. The evidence was proper, as furnishing an element to be considered in the computation of damages. Russell v. Cowles, 15 Gray, 582. As the preparations were not made with the knowledge and assent of the defendant they were not, however, evidence from which could be drawn any inference that the defendant had promised to marry the plaintiff; otherwise a designing woman might well make up a lot of clothing and introduce proof of such fact in corroboration of her statement a promise of marriage was made. It is urged by counsel for defendant in error that, as the promises to marry must be mutual in order to constitute a valid contract, therefore these preparations were also competent tes-

timony to show the corresponding promise of the plaintiff. In matters of contract the general rule is that the declarations or conduct of parties are evidence against, but not for them. The acts of the plaintiff not in the presence of, or communicated to the defendant, were incompetent to establish a contract as against the defendant. In Hutton v. Mansel, 3 Salk. 16, and 6 Mod. 172, cited by defendant in error, it was held the behavior of the plaintiff was sufficient evidence of her promise, but, presumably, such behavior was her conduct toward the defendant. It was advisable the jury should have been guarded by an instruction from the court against regarding the circumstances in question as evidence tending to prove a promise, but as the defendant did not ask the court so to do, we can not hold the action of the court in the premises was erroneous.

The fifth instruction given on motion of plaintiff below was as follows:

"5. Where the plaintiff and defendant contradict each other as to the verbal agreement alleged by her to be had between them, and the jury are not satisfied fully of the fact from their evidence so adduced, it is then the duty of the jury to take into consideration all the attendant facts and circumstances in evidence, if any, which, in the judgment of the jury, tend to corroborate the plaintiff in the statements made by her, and in this connection consider all the acts, declarations and conduct of the parties in reference to the subject-matter under consideration as to such marriage contract."

There was a direct and irreconcilable conflict in the testimony of the two parties to the suit in respect to the alleged promise to marry, and such conflict presented the vital issue in the case. The instruction above quoted was one-sided, unfair and erroneous, in that, while it called the special attention of the jury to all the attendant facts and circumstances which tended to corroborate the statements of the plaintiff, it not only failed to perform such office for defendant, but excluded from consideration all attendant facts and circumstances tending to corroborate the defendant which were outside of the acts, declarations and conduct of the parties themselves.

Dunlap v. Clark.

There was no evidence before the jury that Dunlap was the owner of any land, house or home, or in reference to his pecuniary circumstances, and yet they were told in the 18th instruction given for Clark, the plaintiff, that they might consider, in assessing the damages, among other things, "what would be the money value, or worldly advantages of a marriage which would have given her a permanent home." The court assumed as a fact that of which there was no evidence, *i. e.*, that the result of the marriage would have been to give her a permanent home. It were desirable such result should follow every marriage, but it does not. When a contract of marriage is entered into, it is a part of the contract that the husband shall provide his wife with a future support. From this promise it is insisted by counsel that "future support" and "a permanent home," both mean the same thing. We are unable to hold they are synonymous terms. In suits for breach of promise of marriage (except it may be in cases that call for exemplary damages), the assessment of damages should include only such damages as result as a consequence from the non-performance of the contract. Here the evidence did not show that the loss of a permanent home resulted from the breach of promise. It may well be supposed that the jury, under the instruction given them, settled upon a sum of money in gross as the money value of a permanent home, and added such sum to what otherwise would have been their verdict. We think the instruction was misleading and erroneous.

We do not consider tenable the objections made to instructions one and two for defendant in error.

On account of the errors indicated in this opinion, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*