[S. F. No. 2241.    In Bank. — August 7, 1901.]

# BERTHA LIEBRANDT, Respondent, v. JEAN SORG, Appellant.

BREACH OF PROMISE OF MARRIAGE — EVIDENCE OF PROMISE — SUPPORT OF VERDICT — QUESTION OF FACT. — In an action for breach of promise of marriage, evidence of the agreement to marry is sufficiently shown to support the verdict by the testimony of the plaintiff and another witness, and corroborating evidence. The question of the existence or non-existence of the agreement was one of fact for the jury.

ID. — DECLARATIONS OF PLAINTIFF TO THIRD PERSONS — HUMILIATION OF PLAINTIFF — DAMAGES. — The declarations of the plaintiff, made to third persons, as to her contemplated marriage with the defendant, though not admissible as evidence of the agreement to marry, were admissible, after *prima facie* evidence of the agreement to marry, and of its breach, for the purpose of showing the humiliation of the plaintiff by the breach of the promise, as an element of damage to the plaintiff's feelings.

ID. — DECLARATIONS TO OTHER THAN INTIMATE FRIENDS — WEIGHT OF EVIDENCE. — The objection that declarations of the plaintiff as to the intended marriage were made to other than intimate acquaintances or friends, goes to the weight and not to the admissibility of the evidence.

ID. — LIMITATION OF EVIDENCE — INSTRUCTION NOT REQUESTED — OBJECTION UPON APPEAL. — Where the declarations of the plaintiff were admitted for the proper limited purpose, it was not the duty of the judge to instruct the jury as to the limitation, in the absence of a request from the defendant, and the want of such instruction cannot be objected to upon appeal for the first time.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.    W. J. Lorigan, Judge.

The facts are stated in the opinion of the court.

E. M. Rosenthal, and Jackson Hatch, for Appellant.

Sargent & Wyatt, for Respondent.

GAROUTTE, J. — Plaintiff recovered judgment in the sum of four thousand five hundred dollars, damages for a breach of a contract of marriage, and defendant has appealed from

both the judgment and order denying his motion for a new trial.

It is first contended that the evidence tending to show an agreement to marry is insufficient to support the verdict. The statement of the plaintiff was directly to the point that such a contract was agreed upon. The evidence of the witness Mrs. Wenks was also to the same effect, and there was other evidence corroborating strongly the statements of the aforesaid witnesses. The veracity of these witnesses is attacked, not by other evidence, but by the briefs of counsel alone. It is urged that their testimony is improbable, and therefore should be rejected. While cases might arise where this court would declare the evidence of a witness so improbable as not entitled to belief, yet a case of that character would be most exceptional, and it is not presented by this record. Under the evidence here disclosed, it was essentially for the jury to decide the fact as to the existence or non-existence of an agreement to marry.

Plaintiff, under objection by defendant, answered affirmatively the following question: "Did you ever tell anybody about your contemplated marriage with Sorg?" A second witness, under objection by defendant, answered affirmatively the following question: "Did Mrs. Liebrandt at that time say to you that she was to marry Mr. Sorg?" It is elementary law that evidence of this character is inadmissible as tending to prove the agreement to marry. But this character of evidence is admissible as tending to increase plaintiff's damages, occasioned by a breach of the contract, and it was upon this theory that it was offered and admitted before the jury. This is apparent from the declaration made by the court in overruling the first objection, wherein the judge said: "It is not admitted for the purpose of proving a promise of marriage on the part of the defendant, but it is admissible to show the humiliation on the part of plaintiff." This character of evidence is always admitted after a *prima facie* showing of the existence of the agreement to marry, and a breach thereof. It is admitted as tending to establish an element of damage,— to wit, humiliation to plaintiff's feelings. (*Reed* v. *Clark*, 47 Cal. 194.) This principle of law is recognized and approved by all text-writers. In Abbott on Trial Evidence, 678, it is said: "In enhancement of damages, the pecuniary circumstances of the defendant, the

announcement of the engagement, the advanced preparation for the wedding at the time of the breach, are competent." Some point is made that these people to whom plaintiff communicated the fact of her intended marriage were not intimate acquaintances or friends. This objection goes to the weight of the evidence, rather than to its admissibility.

The evidence under consideration being admissible for certain particular purposes, the rulings of the court in admitting it were correct, and no exception taken to those rulings can avail defendant here. It is insisted that the court should have limited the effect of the evidence before the jury. This is true, but it was the duty of defendant, if he desired the limitation to be placed upon the evidence, to ask the court for an instruction to that effect. This he failed to do, and it is too late now to make complaint for the first time. (*County of San Luis Obispo* v. *White*, 91 Cal. 438.) The question addressed to plaintiff, as tending to show her efforts to sell her furniture, etc., is of the same general character as those the court has just considered, and it was a proper question.

The court has carefully examined the instructions given to the jury, and finds no substantial merit in any of the objections made to them. Neither is the court prepared to say that the amount of the verdict is excessive.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., Harrison, J., Henshaw, J., Temple, J., McFarland, J., and Beatty, C. J., concurred.