STATE v. KARL J. SORTVIET.[1]

January 4, 1907.

Nos. 14,922—(19).

**Seduction—Indictment.**

  In a prosecution for seduction an indictment which charges the seduc- tion under promise of marriage of a certain person, "then and there an unmarried female of previous chaste character," is good as against the objection that it does not state facts sufficient to constitute the

[1]Reported in 110 N. W. 100.

offense. The words "then and there" refer to the time of, and immediately before, the seduction.

**Promise of Marriage.**

> The statute is general in terms and includes any promise of marriage absolute or conditional the effect of which is to induce the female to consent to the act of sexual intercourse.

**Evidence.**

> In a prosecution for seduction under promise of marriage, it is error to permit the prosecuting witness to testify that, soon after the alleged promise was made, she informed her sister, in the absence of the defendant, that the defendant had promised to marry her.

Defendant was convicted in the district court for Norman county, Grindeland, J., of the crime stated in the opinion and appealed from the judgment of conviction.   Reversed and new trial granted.

*Peter Matson*, for appellant.

*Edward T. Young*, Attorney General, and *Nels T. Moen*, County Attorney, for the State.

ELLIOTT, J.

The appellant was indicted for the crime of seduction under a promise to marry, and, from a judgment entered upon a verdict of guilty, he appealed to this court.   The assignments of error question the sufficiency of the indictment, the correctness of certain rulings upon questions of evidence, and the correctness of parts of the instructions given by the court to the jury.

The indictment charged that Karl J. Sortviet did wilfully and feloniously, under promise of marriage to one Littie Berkeland, seduce and have sexual intercourse with the said Littie Berkeland, the said Littie Berkeland being then and there an unmarried female of previous chaste character." It is contended that the indictment does not allege with sufficient definiteness that the woman was of chaste character at the time of seduction.   The indictment is in the form approved in State v. Wenz, 41 Minn. 196, 42 N. W. 933, State v. Abrisch, 41 Minn. 41, 42 N. W. 543, and State v. Framness, 43 Minn. 490, 45 N. W. 1098.   "Then and there" must be referred to the time of and immediately before the seduction.   The language used is an allegation that she was of chaste character immediately previous to the act.

The motion to dismiss on the ground that the evidence was not sufficient "to sustain the indictment" was properly denied. The defendant admitted the fact of sexual intercourse and practically admitted that he was the father of the child, but denied that he had promised to marry the girl. Her testimony as to terms of the promise was a trifle vague, but, when considered as a whole, the evidence was sufficient to justify the jury in finding that the girl was seduced under a promise of marriage. We are not impressed by the argument that the promise was not sufficient because it was conditioned upon the girl becoming pregnant. See 4 Elliott, Ev. § 3148. It is true that she made this statement, but the jury was not required to accept this particular answer and disregard all the other evidence given by her which tended to show an absolute promise. The statute contains no limitation as to the character of the promise. It is general in terms, and is broad enough to cover any promise of marriage whether conditional or restricted, if it is shown that the effect of the promise was to induce the female to consent to the act of sexual intercourse. It is not necessary that the promise to marry should have been expressed in any particular words; it is sufficient if language was used which implied such a promise and was intended to convey that meaning and was in fact so understood by the girl. State v. Brinkhaus, 34 Minn. 285, 25 N. W. 642.

A sister of the prosecuting witness was permitted to testify that the prosecuting witness had informed her that the defendant had promised to marry her. This evidence was improperly received (Walmsley v. Robinson, 63 Ill. 41, 14 Am. 111) and it was subsequently stricken out by the court. But the complaining witness, over the objection of the defendant, testified that, soon after the seduction, she told her sister that Sortviet had promised to marry her. The making of the alleged promise was about the only seriously controverted issue in the case, and the ruling which permitted this contract to be proven by the statement of one of the parties to a third person in the absence of the other party was clearly erroneous and also prejudicial to the rights of the defendant. Had the issue been as to the making of a contract between A. and B. for the sale of a horse it would not be claimed that A. could be allowed to testify that, immediately after the alleged sale, he had informed C. that B. had agreed to purchase the horse. It is

elementary that evidence of this character is not admissible to show a promise to marry. Liebrandt v. Sorg, 133 Cal. 571, 65 Pac. 1098; McPherson v. Ryan, 59 Mich. 33, 26 N. W. 321.

We do not find that such evidence has ever been received in a criminal prosecution for seduction, but there are cases which, under certain circumstances, sanction it in actions for breach of promise of marriage. Thus it has been held that, in such an action, when an offer of marriage by the defendant is shown, and it is necessary to show the acceptance of the offer by the plaintiff, such acceptance may be shown by the conduct and statements of the plaintiff in the absence of the defendant. Hutton v. Mansell, 6 Mod. 172; Peppinger v. Low, 6 N. J. L. 384; Moritz v. Melhorn, 13 Pa. St. 331; Leckey v. Bloser, 24 Pa. St. 401; Thurston v. Cavenor, 8 Iowa, 155; King v. Kersey, 2 Ind. 402. These cases raise an exception to the general rule and rest it upon the doctrine of necessity—a necessity which was thought to arise because of the conditions under which such contracts were generally made and the rule which then forbade the parties to testify.

Another class of cases holds that when a promise of marriage by the defendant is shown in pursuance of which the plaintiff made preparation for the marriage, the declarations and statements made in connection with such preparations are admissible to show the acceptance of the offer and in aggravation of damages. Wetmore v. Mell, 1 Oh. St. 26, 59 Am. Dec. 607; Reed v. Clark, 47 Cal. 194; Dunlap v. Clark, 25 Ill. App. 573. But evidence of preparations for the marriage is not always admissible until after the promise to marry is shown by other evidence. Russell v. Cowles, 15 Gray, 582, 77 Am. Dec. 391; Lawrence v. Cooke, 56 Me. 187, 96 Am. Dec. 443; McPherson v. Ryan, 59 Mich. 33, 26 N. W. 321. In Russell v. Cowles, Mr. Justice Hoar said: "The acts or declarations of a plaintiff, made or done without the knowledge of the defendant, are certainly a very dangerous species of evidence upon the trial of an issue whether any contract was made between them." See, also, the very pertinent language of Mr. Justice Morse in McPherson v. Ryan, supra. The objections to such evidence apply with even greater force in a criminal prosecution for seduction under promise of marriage. The reasons upon which the exception rested have ceased to exist. The parties may now testify in all cases, and every reason which exists for ex-

cluding such self-serving declarations in other cases applies with equal force when it is sought to prove a promise of marriage. Osmun v. Winters, 25 Ore. 260, 35 Pac. 250.

The judgment is reversed, and a new trial is granted.