STATE v. WILLIAM FINLEY.[1]

January 29, 1943.

No. 33,310.

[1]Reported in 8 N. W. (2d) 217.

*Fraser & Fraser,* for appellant.
*Desmond B. Hunt* and *Thomas J. Scanlan,* for the State.

YOUNGDAHL, JUSTICE.

Defendant was convicted by a jury in the district court of Olmsted county of the offense of operating a motor vehicle while under the influence of intoxicating liquor. The court imposed sentence of a $100 fine or three months at hard labor in the county jail. Defendant appeals from the judgment.

The facts upon which this conviction rests are not before us. There is no bill of exceptions. The settled case includes only the court's charge to the jury, the sentence imposed, and a certificate of the trial judge as to the correctness thereof, which the defendant prints in his brief.

Defendant's sole assignment of error is predicated upon certain alleged errors of law in the court's instructions to the jury. It is urged that certain of these were argumentative and prejudicial to defendant, and, further, that the court erred in failing to charge the jury that they were the exclusive judges of the facts, as required by Minn. St. 1941, § 631.08 (Mason St. 1927, § 10712).

Defendant complains that the following portion of the charge was error:

"This case depends quite largely upon a question of credibility of witnesses. One group of witnesses has said one thing and the other group has contradicted that flatly. Now, you people have met with falsehoods; you have met with mistakes and half-truths;

and you have learned some lessons from that. Bring those lessons with you into the jury room and apply them to the conflict of the evidence here.

"It should not be difficult for you people to find the truth here. You should find it quickly and accurately, and be sure that you do."

With reference to this alleged error claimed by defendant, he attempts in his brief to discuss certain portions of the testimony, even though we have not been furnished with a bill of exceptions or settled case containing the testimony. This testimony cannot be considered. County of St. Louis v. Magie, 198 Minn. 127, 269 N. W. 105. Absent a bill of exceptions or settled case containing the testimony, we must assume that there was such conflicting testimony on the part of the witnesses as to. justify the court's instructions. In 1 Dunnell, Dig. & Supp. § 375, it is stated:

"If instructions are abstractly correct, it will be presumed that there was evidence introduced at the trial to which they were applicable, in the absence of a record containing all of the evidence. * * * It will be presumed that the evidence warranted the assumptions of fact in the charge unless the record shows the contrary."

This rule has been consistently followed. A few citations will suffice. Andersen v. City of Minneapolis, 182 Minn. 243, 234 N. W. 289; Morrison v. Johnson, 148 Minn. 343, 181 N. W. 945; State v. Owens, 22 Minn. 238; State v. Taunt, 16 Minn. 99 (109).

■ Defendant also complains of the court's failure to charge the jury that they were the exclusive judges of the facts, as required by Minn. St. 1941, § 631.08 (Mason St. 1927, § 10712), which provides:

"In charging the jury the court shall state to it all matters of law which it thinks necessary for its information in rendering a verdict and, if it shall present the facts of the case, shall, in addition, inform the jury that it is the exclusive judge of all questions of fact."

From a reading of the charge it is clear that the court did not present the facts of the case to the jury within the meaning of this statute. Therefore the court was not required to instruct the jury that they were the exclusive judges of the facts. The statute aside, it is generally advisable to give this instruction. Further, the record before us is silent as to any request by defendant that such an instruction be given, nor were exceptions taken to the charge in its present form. It is a well settled rule that failure of the court to give a specific instruction, in the absence of a request, is not reversible error. This rule applies to criminal as well as civil cases. 2 Dunnell, Dig. § 2479(b), provides:

"If the court reviews the evidence the defendant is entitled to a charge that the jury are the exclusive judges of all questions of fact, but a failure to make such a charge is not a ground for a new trial in the absence of a timely request."

See State v. Sailor, 130 Minn. 84, 153 N. W. 271; State v. McCarthy, 159 Minn. 48, 197 N. W. 961; State v. Zempel, 103 Minn. 428, 115 N. W. 275. In connection with this rule, however, we wish to point out the statement of the court in State v. Sailor, 130 Minn. 90, 153 N. W. 271, 273, *supra,* as follows:

"We do not say that in no case will this court give relief where there has been a failure to protect the interests of a defendant. A case may arise where the court so fails to present the case to the jury that unmistaken prejudice results. In such a case this court is not without power to remedy a wrong clearly done."

■ Defendant further claims error because of the court's comment on punishment in the following language:

"You will not consider what, if any, punishment shall be inflicted upon this man. If he is found guilty that disagreeable task of sentencing him will fall upon the court, but the court will have a lot more information about him than you have now; so you will not let that bother you in the slightest degree."

The responsibility of imposing punishment upon a defendant in

a criminal case rests exclusively with the court. The jury go outside their province as triers of the facts if they include the matter of punishment in their deliberations. It was not error on the part of the court so to instruct. It is proper in criminal cases to admonish the jury that in the event of a verdict of guilty their responsibilities as triers of the facts do not extend to a consideration of the punishment. 6 Dunnell, Dig. & Supp. § 9789; see also State v. Brinkhaus, 34 Minn. 285, 25 N. W. 642.

While the court's charge in this case is incomplete and somewhat argumentative, we are satisfied, absent a bill of exceptions or settled case containing the testimony, that the charge did not prejudice the rights of defendant nor prevent him from having a fair trial.

Judgment affirmed.