## R. C. RADABAUGH v. HERMAN JUST.[1]

December 19, 1947.

No. 34,477.

*A. M. Joyce,* for appellant.
*Grannis & Grannis,* for respondent.

PER CURIAM.

Action to enjoin defendant from engaging in the practice of medicine in Hastings and vicinity in violation of a written agreement between plaintiff and defendant. The trial court made findings of fact, conclusions of law, and order for judgment in favor of plaintiff. Thereafter defendant moved for amended findings or a new trial. The motion was denied, and this appeal by defendant followed.

---

.[1]Reported in 30 N. W. (2d) 534.

188

■ No appeal lies from that part of the order denying the motion for amended findings. Insofar as the motion for a new trial is concerned, it appears that no grounds were specified therefor. Hence there is nothing before us to review on appeal from the order denying the motion. Clark v. C. N. Nelson Lbr. Co. 34 Minn. 289, 25 N. W. 628; Spencer v. Stanley, 74 Minn. 35, 76 N. W. 953; Hoyt v. Kittson County State Bank, 180 Minn. 93, 230 N. W. 269; Julius v. Lenz, 212 Minn. 201, 3 N. W. (2d) 10; In re Estate of Williams, 217 Minn. 634, 13 N. W. (2d) 736.

After having his attention directed to the aforesaid deficiency, defendant moved for dismissal of the appeal and for an order "remanding said case to the District Court agreeable to oral stipulation of counsel made in open court and the oral direction of the Chief Justice pursuant thereto."

Plaintiff has filed an affidavit in opposition to this motion in which he denies that any oral stipulation was made in open court or that this court through its chief justice made any order or direction in connection with the appeal. Our recollection of the proceedings which took place after the close of defendant's argument, of which there is no record, does not conform to defendant's statement that an oral stipulation was entered into or that an order based on such a stipulation was made by this court. It was suggested by this court that counsel, if they so desired, enter judgment and stipulate that an appeal therefrom be submitted on the briefs and arguments filed and made herein. However, no final agreement with reference thereto was reached by counsel at that time.

In the absence of a stipulation, it would appear that under the decisions of this court above cited, since no ground for new trial is stated in the motion therefor, no question of law is presented here, and the order appealed from must be affirmed. See, Clark v. C. N. Nelson Lbr. Co.; Spencer v. Stanley; Hoyt v. Kittson County State Bank; Julius v. Lenz; In re Estate of Williams, *supra.*

■ Defendant's motion to dismiss the appeal is denied. While an order for dismissal lies within the discretion of this court, a

careful examination of the record, including the contract involved, convinces us that in last analysis the trial court's final conclusions were correct, and that no different result could be arrived at even though the appeal were to be considered on its merits.

Order affirmed.

*Hoffmann & Donahue,* for respondent.

[1]Reported in 30 N. W. (2d) 32.