# STATE v. AUGUST H. GENSMER, JR.[1, 2]

October 26, 1951.

No. 35,294.

---

[1]Reported in 51 N. W. (2d) 680.
[2]Certified to United States Supreme Court April 8, 1952.

*Foley & Foley* and *A. E. Arntson* appeared for defendant on his appeal to this court only.

*J. A. A. Burnquist,* Attorney General, *Charles E. Houston,* Assistant Attorney General, and *W. Kenneth Nissen,* County Attorney, for the State.

MAGNEY, JUSTICE.

In an information filed against defendant, August H. Gensmer, Jr., he was charged with a violation of M. S. A. 613.05, which covers the offense of asking and agreeing to receive a bribe. Defendant was a member of the board of county commissioners of

Winona county. The information charges that defendant, while a member of the county board, asked and agreed to receive $300 as a bribe from one John W. Yaeger upon an agreement between them that defendant's vote, opinion, and action as a member of the board would be corruptly influenced thereby. To the information filed against him, defendant entered a plea of not guilty. He was tried and found guilty. From an order denying his motion to set aside the verdict and discharge defendant, or, if that be refused, for a new trial, he appeals.

Prior to the filing of the information, an investigation into the affairs of the county board of Winona county was carried on by the state public examiner's office. Karl A. Nuerenberg represented the office in carrying on the investigation. In a hotel room in Winona, Nuerenberg took a statement from defendant by means of a recording machine. The statement was transcribed. Before the statement was taken, defendant signed a waiver of immunity.

Defendant specifies three assignments of error:

(1) That the court erred in denying his motion for dismissal at the close of the case on the ground that the testimony showed that he was required to testify before the state public examiner for and on account of the alleged offense charged against him and upon which he was tried, and that by reason thereof he was exempt from prosecution upon such charge in view of the provisions of U. S. Const. Amend. V, Minn. Const. art. 1, § 7, and M. S. A. 610.47, 613.04, and 613.16.

(2) That the court erred in permitting state's exhibits 9 (soundscriber), 10 (record for soundscriber), 11 (filing envelope), 12 (transcript of record), and 13 (waiver of immunity) to go to the jury room and remain with the jury during its deliberation on the case and until a verdict was returned by it.

(3) Errors in the court's instructions to the jury:

(a) In its definition of reasonable doubt.

(b) In connection with the weight to be given statements and confession.

(c) In connection with the court's comments on the penalty in case of conviction.

(d) In stating near the close of the charge:

"If you are satisfied beyond a reasonable doubt that this man did ask for the bribe, that is claimed by the State, then you will indicate it by this verdict, reading:

\* \* \* \* \*

"This is the form that you will use if you are satisfied beyond a reasonable doubt that he did ask for the bribe as charged by the State."

(e) In referring near the close of the charge to the nature of the crime as being that of asking for a bribe, and not giving the definition as found in the statute.

■ Defendant contends that § 613.04 of the bribery statute applies to his situation. It provides immunity for a witness required to answer self-incriminating questions before "any court or magistrate" in an investigation, proceeding, or trial for violation of the bribery statute. In State v. Nolan, 231 Minn. 522, 44 N. W. (2d) 66, we held that, since the public examiner is not a court or magistrate, the above section grants no immunity to a witness sworn before him. Defendant comments that in so holding we overlooked a statement made in State ex rel. Peers v. Fitzgerald, 131 Minn. 116, 120, 154 N. W. 750, 752, 8 A. L. R. 1582, where we said:

"\* \* \* And in section 3236, G. S. 1913 [M. S. A. 215.16], the public examiner is given the powers possessed by the courts in the matter of securing testimony, thus conferring judicial authority to be exercised in the manner prescribed for courts."

Upon further reconsideration of the applicability of § 613.04, we are convinced that our holding in State v. Nolan, *supra,* is correct. In defendant's motion for an order setting aside the verdict, dismissing the action, and discharging him, defendant did not specify that he was immune from prosecution because of the provisions of § 613.04. It is raised in this court for the first time. Although

not properly here for our consideration, in view of the comment made by counsel relative to the Peers case, *supra,* it seems proper to make the statement we have just made.

■ Section 610.47 provides:

"In every case in the Minnesota Statutes where it is provided that a witness shall not be excused from giving testimony tending to criminate himself, no person shall be excused from testifying or producing any papers or documents on the ground that his testimony may tend to criminate him or subject him to a penalty or forfeiture; but he shall not be prosecuted or subjected to a penalty or forfeiture for or an [on] account of any action, matter, or thing concerning which he shall so testify, except for perjury committed in such testimony."

Defendant claims exemption from prosecution under the provisions of this statute, and that the court was in error in refusing to dismiss the action after it was shown that he gave wrong testimony to the representatives of the public examiner under the authority given him by § 215.16, which provides:

"In all matters relating to his official duties, the public examiner shall have the powers possessed by courts of law to issue subpoenas and cause them to be served and enforced. All state and county auditors, treasurers, and other public officials, * * * shall * * * attend and answer under oath his lawful inquiries, * * *."

In State v. Nolan, 231 Minn. 522, 527, 44 N. W. (2d) 66, 70, *supra,* we stated that § 610.47 does not apply to an examination conducted under § 215.16, because § 215.16 contains no provision that "a witness shall not be excused from giving testimony tending to criminate himself," such as is specified in § 610.47. In view of that holding, no error can be predicated upon the court's refusal to dismiss because of the provisions of § 610.47.

■ Section 613.16 reads as follows:

"Every person offending against any provision of law relating to bribery shall be a competent *witness against another so offending,*

and may be compelled to attend and testify upon any trial, hearing, proceeding, or investigation, in the same manner as any other person; but, if prosecuted or indicted *for such bribery,* he may plead or prove the giving of such testimony in bar thereto." (Italics supplied.)

Defendant claims exemption from prosecution under the provisions of this statute also and that the court erred in refusing to dismiss the action under the circumstances above stated. In the Nolan case we said (231 Minn. 527, 44 N. W. [2d] 70) :

"It is very difficult to interpret this section as granting immunity in the case at bar. Of course, a witness is not incompetent because he was involved in the bribery under consideration. The compulsion to testify is by this section limited to 'in the same manner as any other person.' 'Any other person' might obviously raise the question of constitutional privilege. The most that can be said for the section is that it allows a plea in bar in behalf of an accused who has given evidence 'against another' relative to the same offense. These defendants were being investigated with a view to charging them with crime. The cases recognize a clear distinction between an accused and one who is examined in a proceeding against another. The accused may not be required to be a witness against himself. A person who is a witness only must object to answering each question on the ground that the answer will tend to incriminate him."

■ It is apparent here that the real object which the representative of the public examiner had in mind was to examine defendant with the intention of charging him with the crime for which he was later tried. He was compelled to testify against himself, and he properly raises the question of constitutional privilege. The constitutional privilege extends with full force to an investigation by an administrative officer. Martin v. Wolfson, 218 Minn. 557, 16 N. W. (2d) 884; 8 Wigmore, Evidence (3 ed.) § 2282, p. 516, *et seq.;* State v. Nolan, 231 Minn. 522, 44 N. W. (2d) 66.

■ Whether this constitutional privilege was waived becomes the important question in the instant case. The general rule is that the guaranty of immunity from compulsory self-crimination is a personal privilege and may be waived. 14 Am. Jur., Criminal Law, § 162. Did the defendant here waive his immunity by signing the purported written waiver of immunity—Exhibit 13?

Defendant has an eighth-grade education. He is engaged in the retail business. Formerly he was an operator of heavy road machinery. He was elected county commissioner. His constituents presumably believed that he was a man qualified to carry on intelligently the important business that comes before the county board in one of the most populous and important counties of the state. It is difficult to believe that he failed to understand when he signed the waiver of immunity. He charges that the waiver-of-immunity form was prepared in the office of the public examiner and contained many false statements and conclusions. There may be statements in the form subject to criticism; but there is nothing in the statement itself or in defendant's testimony on the stand that such statements influenced his action in any manner. The jury, on defendant's insistence, had to determine whether the statements were fairly obtained. He had the privilege of having this matter determined by the court itself. He testified that the public examiner did not try to browbeat or intimidate him, that at all times he was treated like a gentleman. He knew that he was being examined by a representative of the public examiner's office, and he also knew why he was being examined. His testimony, when questioned about matters pertaining to the taking of the statement, are evasive and unsatisfactory. We are of the opinion that the jury was right when it determined on the evidence that the waiver was valid.

■ Defendant sets out four assignments of error in connection with the court's charge to the jury. The first specification of claimed error in the charge is that the definition of reasonable doubt given to the jury was prejudicial to defendant.

In his brief, defendant fails to point out wherein the court erred in this respect and presents no argument. Although, under our

rules, we will not consider a claimed error under those circumstances, it can be said that it is evident from a mere casual glance at the instructions that there is no basis for complaint on this feature of the charge.

■ The second specification of claimed error is that the court left to the jury the determination whether the statement of defendant which had been received in evidence was voluntary or involuntary. Defendant cites State v. Schabert, 218 Minn. 1, 15 N. W. (2d) 585, in support of his position. In that case we said (218 Minn. 8, 15 N. W. [2d] 588):

"The proper practice upon a challenge to the voluntary character of a confession is for the trial court, in the absence of the jury, to hear the evidence of both parties relating to its voluntary character."

At the trial, defendant's counsel insisted that the question was one for the jury, and the court acceded to his wishes. Defendant's counsel stated to the court "that whether or not it [Exhibit 12, the statement] was obtained on the question of promises or threats or duress *is a question of fact for the Jury to decide* * * *." (Italics supplied.) From the above, it would seem that defendant is in poor position to argue reversible error on the court's submission of the question to the jury.

■ The third specification of error as to the charge involves the court's statement relative to the punishment which may follow upon a conviction.

It is proper in a criminal case to admonish the jury that the punishment is a subject with which they have nothing to do, that the responsibility of punishment rests exclusively with the court. In State v. Brinkhaus, 34 Minn. 285, 25 N. W. 642, defendant's counsel had commented upon the seriousness of the punishment. To guard the jury against being influenced by the comments, the court instructed the jury that that was a subject with which they had nothing to do and should not take it into account. The court said (34 Minn. 289, 25 N. W. 644):

"* * * In view of that instruction, which was entirely proper, the defendant could not have been prejudiced by the fact that the court, in casually referring to the different penalties which might be inflicted, fell into an inaccuracy. When the attention of the court was called to it at the close of the charge, he stated to the jury: 'I merely said this: I can send him to state prison or not, just as I think right or proper. Punishment is a matter you have nothing to do with.'"

In State v. Finley, 214 Minn. 228, 231, 8 N. W. (2d) 217, 218, this court held not reversible error the court's comment on punishment in the following language:

"You will not consider what, if any, punishment shall be inflicted upon this man. If he is found guilty that disagreeable task of sentencing him will fall upon the court, but the court will have a lot more information about him than you have now; so you will not let that bother you in the slightest degree."

In the instant case, the court went further in commenting upon punishment than the court did in the two cases cited above. It went further than it should have gone. But, in view of all the facts and circumstances of the case, we cannot say that prejudice resulted which necessitates the granting of a new trial. Furthermore, at the completion of the charge, defendant did not object or call the court's attention to the statements which are now claimed to have been erroneous.

■ In the fourth specification of error as to the charge, defendant complains that the court, just before it read the form of the verdict to the jury, said:

"If you are satisfied beyond a reasonable doubt that this man did ask for the bribe, that is claimed by the State, then you will indicate it by this verdict."

The claimed error lies in not following the definition of the crime as found in § 613.05. Since the court had covered this matter fully in other portions of the charge, we find nothing of which to complain.

■ Over the objection of defendant, the court received in evidence the soundscriber (exhibit 9), the record for the soundscriber (exhibit 10), the filing envelope (exhibit 11), and a transcript of the record (exhibit 12). There is no assignment of error setting out that these exhibits were improperly received in evidence. The claimed error consists in permitting these exhibits to go to the jury room. The statement (exhibit 12) is referred to by defendant as a deposition. He claims that, since § 546.15 prohibits the jury from taking depositions with them into the jury room, the court erred in permitting this to be done. Since exhibit 12 was not taken as a deposition and is not a deposition, § 546.15 has no application. It is a statement made by defendant during the course of an investigation. Furthermore, § 546.15 applies to civil cases only. Section 631.10, in specifying what papers may be taken into the jury room, does not mention a deposition as a permissible one.

The statement was taken from defendant by means of a recording machine, and later a transcript of the statement was taken from the record. That is the modern substitute for a statement in longhand. It accomplishes the same purpose, but more expeditiously and more correctly. Defendant complains that the recording machine may be started and stopped at convenience and it does not record the conversations which took place when it was not in action. That observation can with equal force be made with reference to statements taken in longhand. No one questions that statements in longhand which have been properly received in evidence may be taken by the jury into the jury room. We can see no reason why the mechanism and the mechanized version of the statement may not also be received in evidence. In the latter case, no one can question the accuracy of the reproduction of the statements made by the person being questioned.

Since we find no error necessitating a reversal, the rulings of the trial court are affirmed.

Order affirmed.

THOMAS GALLAGHER, JUSTICE (concurring specially).

I concur in the majority opinion insofar as it relates to the written waiver of immunity from prosecution. The jury quite reasonably determined that it was given knowingly and not under circumstances giving rise to fraud or duress.

I am unable to agree with the conclusions of the majority as to our various statutes which grant immunity from prosecution where a person testifies before the public examiner when the latter presumptively acts within the scope of his powers. See, State v. Lowrie, 235 Minn. 82, 49 N. W. (2d) 631, particularly as to the applicability of M. S. A. 215.11.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.