STATE v. LAVERNE V. DAILSON.

176 N. W. (2d) 628.

April 3, 1970—Nos. 41846, 41853.

*Nilva, Shaw & Frisch* and *Irving Shaw,* for defendant.

*Robert E. O'Connell,* Corporation Counsel, and *Daniel A. Klas,* First Assistant Corporation Counsel, for the state.

PER CURIAM.

The municipal court of the city of St. Paul by written order dated February 7, 1969, substantially confirmed a verbal order announced February 3, 1969, suppressing part of a moving picture taken of defendant while under arrest upon a charge of driving while intoxicated. The order denied defendant's motion to suppress the balance of the moving picture; certain oral admissions said to have been made by defendant; and the results of a "Breathalyzer" test.

An appeal from the suppression order was taken by the State of Minnesota by notice of appeal filed February 13, 1969. Two days later, defendant appealed from the court's refusal to suppress the other evidence.

On December 5, 1969, the state moved to dismiss its appeal and remand the case to the municipal court for trial. Defendant declines to dismiss and refuses to consent to the remand.

The appeals are dismissed and the case is remanded for these reasons:

(1) Although the state is authorized to appeal from an order granting the return of property or suppressing evidence by the terms of Minn. St. 632.11, subd. 1(3), subject to the limitations embodied in § 632.12, this court has discretion to grant an application for dismissal and in this case does so. Radabaugh v. Just, 225 Minn. 187, 30 N. W. (2d) 534; Merrill v. Dearing, 24 Minn. 179. See, also, Minn. St. 632.13(5).

(2)   An order of the trial court refusing to suppress evidence is not appealable as of right. State v. King, 279 Minn. 225, 156 N. W. (2d) 742. Appeals dismissed and case remanded to the municipal court.