**STATE of Minnesota, Respondent,**

v.

**Uwe KIPP, Appellant.**

**No. C4-85-1770.**

Court of Appeals of Minnesota.

March 25, 1986.

Review Denied May 22, 1986.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, Stephen C. Rathke, Crow Wing Co. Atty., Brainerd, for respondent.

C. Paul Jones, State Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Heard, considered, and decided by RANDALL, P.J., and PARKER and FOLEY, JJ.

### OPINION

RANDALL, Judge.

Uwe Kipp appeals from a trial court's order issuing a warrant of commitment. Appellant also moves to strike certain portions of respondent's brief because they refer to facts not a part of the record.

### FACTS

Appellant pleaded guilty in Crow Wing County District Court to selling cocaine on January 24, 1980. Minn.Stat. §§ 152.09, subd. 1(1) and 152.19, subd. 1(2) (1980). At the time, appellant, a high school senior, resided in the United States on visa from

West Germany. Appellant knew the Federal Immigration and Naturalization Service would likely seek his deportation.

Appellant was sentenced to a maximum of five years at the Minnesota Correctional Facility, St. Cloud, with execution of the sentence stayed. A month after sentencing, the trial court modified appellant's sentence, upon appellant's agreement to return voluntarily to West Germany. The trial court ordered appellant to return to West Germany and to report to the American Embassy and show the officials the court's order. The court further ordered that, on appellant's return to West Germany, sentence would be stayed, with appellant on unsupervised probation for five years. The trial court also ordered that, upon default of any condition, probation "shall stand revoked and he shall be required to serve his sentence as pronounced on March 14, 1980."

Appellant returned to West Germany and appeared before the American Consul of the United States Embassy. Later, the trial court received information that appellant had returned to the United States. On June 30, 1980, the court ordered the sheriff to arrest appellant, and ordered the clerk of district court to execute a warrant of commitment of appellant to the Minnesota Correctional Facility at St. Cloud. This warrant was not executed by the clerk of court until June 24, 1984.

Crow Wing County authorities gained custody of appellant. On June 24, 1985, the Crow Wing County District Court issued a warrant of commitment directing the sheriff to pick up appellant from the Polk County jail and transport him to the St. Cloud correctional facility. This appeal is from this warrant of commitment. Presumably, this was done as the precedent to revocation proceedings.

On July 5, 1985, defense counsel requested a probation revocation hearing. Due to scheduling conflicts, a hearing was not scheduled to be held until September 19, 1985, at the St. Cloud facility. On September 18, 1985, appellant was released on parole from the St. Cloud facility by order of the Executive Office of Adult Release to an Immigration and Naturalization Service (INS) detainer. The probation revocation hearing was not held. Appellant asserts the hearing was not held because he could not be readmitted to the St. Cloud facility. Appellant was subsequently released on bond from the INS and currently resides in Grand Forks, North Dakota, attending the University of North Dakota. He is on supervised parole to the North Dakota Department of Parole and Probation and must check in with his parole officer every month. His sentence expires and supervised parole ends on June 15, 1988. Appellant advised this court that a deportation hearing is scheduled for July 15, 1986.

On September 18, 1985, appellant appealed from the June 24, 1985, order issuing a warrant of commitment, claiming that his probation was improperly revoked because his sentence had expired and because the trial court lacked authority to stay execution of sentence upon the condition he leave the country. This court ordered the parties to brief the issue of whether the appeal was from a nonappealable order.

On October 24, 1985, following a motion by appellant's trial counsel, the trial court ordered refund of the $1,000 bond to appellant and his mother. Appellant's counsel of record on appeal asserts that she was unaware of these proceedings. In an unincorporated memorandum accompanying its October 24 order, the trial court stated its personal views of the proceedings and stated facts allegedly not previously part of the record. Appellant moves to strike those parts of respondent's brief which refer to that order and memorandum and facts stated in them. We dismiss this appeal.

## ISSUES

1. Is an order issuing a warrant of commitment a nonappealable order?

2. Should portions of respondent's brief be stricken as referring to facts not part of the record?

## ANALYSIS

### Appealability of order

We note initially that the issue of whether or not appellant's probation revocation was proper is not moot merely because appellant has been released from prison. The Immigration and Naturalization Service considers the probation revocation a strike against appellant, in addition to his felony conviction. Appellant should be allowed to assert his claim that his sentence was invalid because it required him to leave the jurisdiction. *See State ex rel. Halverson v. Young,* 278 Minn. 381, 154 N.W.2d 699 (1967). Appellant should also be allowed to assert his claims that he was improperly denied a probation revocation hearing, *see* Minn.Stat. § 609.14 (1984) and Minn.R.Crim.P. 27.04, and that there existed no probable cause justifying the revocation warrant. Appellant's direct appeal from the warrant of commitment is not, however, the appropriate manner for raising these issues.

For the reasons stated below, we dismiss this appeal as taken from a nonappealable order. Appellant recognizes that postconviction proceedings are an available means of pursuing his claims.

> Minn.R.Crim.P. 28.02, subd. 2(2) states:
> (2) *Orders.* A defendant may not appeal until final judgment adverse to him has been entered by the trial court except that a defendant may appeal from an order refusing or imposing conditions of release or in felony and gross misdemeanor cases from:
> 1. an order granting a new trial when the defendant claims that the trial court should have entered a final judgment in his favor; or
> 2. an order, not on his motion, finding him incompetent to stand trial.

The right of a defendant to appeal from orders is not without restrictions. *See State v. Luciow,* 308 Minn. 6, 245 N.W.2d 235 (1976) (no appeal as of right lies from an order determining that probable cause existed for a search); *State v. Hardin,* 294 Minn. 556, 202 N.W.2d 212 (1972) (no appeal lies from an order denying a defendant's motion to dismiss a complaint); *State v. Dailson,* 286 Minn. 549, 176 N.W.2d 628 (1970) (no appeal as of right of an order refusing to suppress evidence).

An order for a warrant of commitment is likewise nonappealable, because it is not a final order. Appellant argues that this merely elevates form over substance because the order here was prefatory to a revocation, and under Minn.R.Crim.P. 27.04, subd. 3(5) orders from revocation hearings are appealable. Appellant, however, does not appeal from a revocation order. Neither party cites any authority which indicates that an appeal as of right lies from the order issuing a warrant of commitment.

The inappropriateness of direct appeal for raising these issues is underscored by the fact that the trial court was never presented with most of the legal and factual issues raised in this appeal. The trial court should be given a chance to address the legal issues and develop a full factual record.

We leave appellant to pursue postconviction relief. Should either party wish to appeal from a decision in those proceedings, this court would entertain a motion for accelerated review if warranted by the impending INS deportation hearing. Appellant's counsel, at oral argument, stressed the point that direct appeal to this court was taken even though postconviction relief was available. She felt that a postconviction decision, which could have been appealed by either party, would not have produced a final determination of her client's rights before the July, 1986, deportation hearing. We recognize and respect the argument, but that does not change our decision that the present issue is nonappealable. It is proper for appellant to urge both the trial court and our court to accelerate disposition of this matter.

## II.

### Motion to strike

The portions of respondent's brief to which appellant objects are not necessary

to the decision of this court. Because this court has not relied on those parts of respondent's brief, we decline to rule on the motion and dismiss it as moot.

## DECISION

Appellant's appeal is dismissed as taken from a non-appealable order. Appellant's motion to strike portions of respondent's brief is dismissed as moot.

Dismissed.