THE STATE v. NORMAN, *Appellant.*

1. **Criminal Practice:** LARCENY: INSTRUCTION. Where the evidence of a defendant charged with larceny tends to show that he innocently and ignorantly assisted in carrying away the stolen article, it is error to instruct the jury that they could find him guilty without requiring them to find that he had guilty knowledge.

2. ———: ———: INSTRUCTION ON PETIT LARCENY. Where on such trial the evidence tends to show that the property stolen is worth less than thirty dollars, it is error not to instruct on petit larceny.

*Appeal from St. Louis Criminal Court.*—HON. J. C. NORMILE, Judge.

REVERSED.

*L. D. Seward* for appellant.

(1) As it appears from the record, there was no legal evidence that the value of the coat in question was thirty dollars or more, the court erred in giving instructions numbered 1 and 2. 1 Bishop on Crim Proc., sec. 751 ; *State v. Kreigher*, 68 Mo. 98 ; *State v. Doepke*, 68 Mo. 208 ; 3 Greenl. Ev., sec. 153. (2) As the evidence only tended to show that the coat in question was of some value to the owner, and not of the value of thirty dollars or more, the court erred in not instructing the jury as to petit larceny. R. S. 1889, sec. 3548 ; *State v. Bryant*, 55 Mo. 75. (3) The court erred in giving instruction number 2 as it failed to submit to the jury fairly the question as to the fraudulent intent with which the defendant acted.

*John M. Wood*, Attorney General, for the State.

(1) So far as the question of value was concerned, the evidence on the part of the state *prima facie* showed that it was sufficient to make the offense grand larceny. The failure of accused to cross-examine upon this point, or to introduce any evidence as to a less value, did not warrant the court in instructing for petit larceny. The defendant rested his whole defense upon the theory that he did not commit the larceny charged, and now, after conviction, it is too late for him to raise the question of value. (2) The remarks of counsel prosecuting were legitimate in the line of argument, and under repeated rulings of this court furnish no ground for reversing the judgment.

BRACE, J.—The defendant, upon his trial in the St. Louis criminal court, upon an indictment for grand larceny, was found guilty, and on the fourth day of January, 1890, was sentenced to two years' imprisonment in the penitentiary in accordance with the verdict

rendered in the case. From this judgment he appeals. The offense with which he was charged, and of which he was convicted, was stealing one overcoat of the value of thirty dollars, the property of one Joseph Samuels.

The evidence for the state in chief tended to show that on the second of November, 1889, the said Samuels and the defendant were inmates of the city jail of St. Louis, the defendant's cell being on the first, and Samuels' on the second, floor; that Samuels was the owner of a light spring overcoat, for which he had paid thirty dollars, when new, about a year and a half before; that it was in his cell that morning; that his cell door was open all the afternoon of that day, and that he was out on the promenade or in the rotunda on the first floor until five P. M.; that about that time he returned to his cell, found his coat gone, and reported his loss to the guards; that, about 4:30 P. M., the defendant's wife came to the jail, bringing him his supper, and remained at the screen door while the same was taken to her husband's cell by one Clark, another prisoner; that while Clark was in the defendant's cell, Jacobsen and Seigel, two other prisoners, came into defendant's cell, "Seigel carrying a bundle in his arms wrapped up in a newspaper," which he placed on the bunk, Jacobsen saying to defendant, "Send that out for me;" that defendant, without looking in this package, gave "that and another small package to Clark" who carried them to the screen and passed them out to Mrs. Norman in the basket in which she had brought her husband's supper; after the basket was passed out, defendant came to the screen and his wife hallooed to him saying "What is this in here?" and he replied, "It is a bundle of my dirty clothes;" that, directly after, Samuels reported the loss of his overcoat.

One of the guards went to Norman's house, met his wife on the sidewalk and demanded the package defendant had sent out to her; she went in the house, brought out the bundle still wrapped up and handed it to him;

he took it to the jail where it was found to be the over-coat which Samuels had lost.

The evidence for the defendant elicited, on cross-examination of the state's witnesses, and supplemented by his own evidence and witnesses examined in his behalf, tended to prove that Jacobsen and Seigel occupied a cell upon the first floor, and that the coat was taken from Samuels' cell on the second floor by Jacobsen to their cell on the lower floor, was by Seigel wrapped up and taken to the defendant's cell ( Jacobsen accompanying him ), and that the same was passed out through Clark and the guard at the screen to defendant's wife, as before stated, to be by her pawned for Jacobsen, the defendant not knowing what the bundle thus passed out contained.

There was no evidence tending to show that defendant took the coat, and the only hypothesis on the evidence which would have authorized a conviction was that he may have been accessory to the theft. Nevertheless, the court instructed as if there was evidence tending to show that the defendant actually took the coat, and gave the following instruction upon the theory of his being accessory to the theft :

"2. If you believe and find from the evidence that the defendant Norman aided or assisted Seigel or Jacobsen in stealing, taking and carrying away the coat, charged, and if you find he did any act in furtherance of the commission of such larceny, you will find him guilty as charged."

This instruction assumes that Seigel or Jacobsen stole the coat, but, waiving a legitimate objection to it on this score, it entirely ignores the defense, and instructs the jury that if the defendant by any act, however innocent, aided either of them in the commission of the larceny, they must find him guilty. Under this instruction, the jury finding that the act of defendant, in passing the bundle which Seigel brought to his cell to Clark to be delivered with his own bundle to his wife,

aided them in carrying off the stolen coat, they must find the defendant guilty, although he may have not known that the coat was in the bundle, may not have known that either Seigel or Jacobsen had taken the coat or that the coat had been taken feloniously, or of any circumstance that would lead him for a moment to suspect that he was engaged in assisting in the perpetration of a larceny. His act may have aided Seigel and Jacobsen in the accomplishment of their guilty purpose, but unless he was cognizant of that purpose, and knowingly assisted its accomplishment, he could not have participated in their crime, and it was error to instruct the jury that they could find him guilty without such knowledge or participation.

The court also erred in its instruction to find the defendant guilty of grand larceny, or acquit him. The only evidence on the subject of the value of the coat was that Samuels paid thirty dollars for it some eighteen months before it was taken. This evidence tended to prove that this second-hand coat at the time it was taken was worth less than thirty dollars, rather than that it was worth that amount, or more; but, conceding that this evidence, in connection with the fact that the coat was before the jury, warranted an instruction on grand larceny, it certainly called also for an instruction on petit larceny, to give which, however, the court neglected. Without further discussion of the instruction, it is evident that, for the errors noted, the judgment herein must be reversed, and defendant discharged, and it is accordingly so ordered. All concur, except that BARCLAY, J., is of the opinion that the cause should be remanded.