THE STATE v. ANDY SKILLMAN, Appellant.

**Division Two, February 18, 1908.**

**INFORMATION: Conclusion: Omission of "The."** An information which concludes, "against the peace and dignity of State," omitting the word "the" immediately preceding the word "State," is invalid, since it violates section 38, article 6 of the Constitution, which provides that "all indictments shall conclude, 'against the peace and dignity of the State.'" (Following State v. Campbell, 210 Mo. —.)

Appeal from Bates Circuit Court.—*Hon. Wm. H. Martin,* Special Judge.

REVERSED AND REMANDED.

*Miles S. Horn* and *Francisco & Clark* for 'appellant.

Where the Constitution requires the conclusion "against the peace and dignity of the State," the omission of the word "the" before "State" in an information is fatal. 10 Am. and Eng. Ency. Law (1 Ed.), 514; Thompson v. State, 15 Tex. App. 168; 15 Tex. App. 39; State v. Allen, 8 W. Va. 680. (1) Even where exact literal compliance is not insisted upon, as where words are added, the words of the Constitution will be found required. The conclusion must conform in sense and substance to the requirements of the Constitution, and any material variance, like the one complained of, is fatal. State v. Kean, 10 N. H. 347; Selected case, 34 Am. Dec. 162; State v. Robinson, 27 S. C. 615; State v. Washington, 1 Bay (S. C.) 120; State v. Anthony, 1 McCord (S. C.) 285; State v. Pratt, 44 Tex. 93; Hans v. State, 13 Tex. App. 383; Selected case, 44 Am. Rep. 706; State v. Cox, 8 Tex. App. 254; Hays v. State, 78 Mo. 600; Williams v. State, 27 Wis. 402; Lemons v. State, 4 W. Va. 755. (2) Neither "the" nor "State" standing alone express the constitutional sense or mean-

ing intended by the required sentence "against the peace and dignity of the State." The language means against the peace and dignity of the State of Missouri. State v. Hays, 78 Mo. 600; State v. Pratt, 44 Tex. 93. The word "State" standing alone does not imply this. The definite article "the" is necessary to specify, designate and limit the meaning of the word "State." For example, there can be no question of what is meant by "The Twelve Apostles," but "Twelve Apostles" may refer to quite a different body. Definitions of "the" and "State" in Standard Dictionaries; 8 Words and Phrases Judicially Defined, p. 6836. (3) The article "the" directs what particular thing or things we are to take or assume as spoken of. It determines what particular thing is meant; that is, what particular thing we are to assume to be meant. It is used before nouns with a specifying or particularizing effect. 8 Words and Phrases Judicially Defined, p. 6836; U. S. v. Hudson, 65 Fed. 71; Wastl v. Railroad, 24 Mont. 159; Noyes v. Childrens Aid Soc., 70 N. Y. 484; 61 Pac. 15.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) The information is sufficient in form and substance; it was accompanied by the affidavit of the prosecuting attorney. State v. Oakes, 202 Mo. 86; R. S. 1899, sec. 1845; Kelley's Crim. Law, sec. 556. (2) The article "the" is an unimportant word frequently omitted in common conversation and in writing where it could properly be used, and in some languages, as the Latin, being supplied when necessary, there being no specific word to represent it. And under the law, its omission clearly did not invalidate the indictment. State v. Waters, 1 Mo. App. 9; 1 Bish. New Crim. Proc., p. 652; Anderson v. State, 5 Ark. 444; State v. Kean, 10 N. H. 347; State v. Robinson, 27 S. C. 615; State v. Pratt, 44 Tex. 93; State v. Smith, 63 N. C.

237. It is impossible to see how defendant's counsel were misled by the omission of said word. No motion to quash the information was filed, and the error, if error it can be called, was so insignificant and affected defendant's rights to such an infinitely small extent, if at all, that it cannot be said to be prejudicial. It was clearly the intention that such errors would be cured by the Statute of Jeofails. R. S. 1899, secs. 672. 2481.

FOX, P. J.—On the 17th day of December, 1906, A. B. Ludwick, prosecuting attorney of Bates county, filed an information, duly verified, charging defendant with defiling one Myrtle McCulloch, a female under the age of fifteen years, alleged to have been confided to his care and custody, thus sustaining to him the relation of ward. On February 7, 1907, W. B. Dawson having been elected prosecuting attorney, an amended information was filed. This amended information was in two counts. The first count followed the former information, except in the manner of its conclusion, and the second count charged that the defendant was guilty of carnal knowledge of a female between the ages of fourteen and eighteen years, of previously chaste character. The defendant moved to quash the first information, but this the court refused to do, leaving both standing. The regular judge of the court having been disqualified, Hon. W. H. Martin, judge of the Fourteenth Judicial Circuit, was called in to preside at the trial. The case coming on for trial, the second count of the amended information was dismissed, and after a mistrial the defendant was convicted upon the first count of said amended information and his punishment assessed at imprisonment in the penitentiary for a term of two years. Motions for new trial and in arrest of judgment were filed in due time and by the court overruled. Judgment and sentence having been

entered in conformity to the verdict, defendant appeals.

The sufficiency of the first count of the amended information upon which this prosecution and judgment are predicated being challenged, we deem it proper to reproduce it. It was as follows:

"Now on this 6th day of February, 1907, comes W. B. Dawson, prosecuting attorney within and for the county of Bates and State of Missouri, and informs the court on his official oath that on the ——— day of July, 1906, one Andy Skillman, late of the county of Bates and State of Missouri, at the county of Bates and State of Missouri, being then and there a person to whose care and protection one Myrtle McCulloch, a female under the age of eighteen years, to-wit, of the age of fifteen years, had been and was then and there confided, her, the said Myrtle McCulloch, unlawfully and feloniously did defile, by then and there unlawfully and feloniously carnally knowing her and having carnal knowledge of her body while she remained in his care and protection, custody and employment, she, the said Myrtle McCulloch, being then and there confided to the care, custody and employment of the said Andy Skillman, against the peace and dignity of State."

It is not essential to detail the testimony introduced on the part of the State or of the defendant upon the trial of this cause. It is sufficient, in order to determine the legal propositions involved in this controversy, to simply state that the testimony was conflicting, the testimony on the part of the State tending to establish the charge as contained in the information, and that on the part of the defendant to establish the innocence of the defendant of such charge. This is a sufficient reference to the disclosures of the record, and the cause is now before us for consideration.

State v. Skillman.

## OPINION.

The brief of learned counsel for appellant presents but one proposition for our consideration, that is, that the first count of the amended information upon which this prosecution and judgment are predicated fails to conclude "against the peace and dignity of the State," as required by section 38, article 6 of the Constitution of this State. The conclusion to the information in judgment before us is in this language: "Against the peace and dignity of State," and the complaint of counsel for appellant is directed to this conclusion on the ground that the word "the" is omitted immediately preceding the word "State."

We were confronted with this identical proposition in the case of State v. Bruce Campbell, 210 Mo. —. What was said in the discussion of this proposition in that case is applicable to the same proposition involved in the case at bar, and must be held decisive of it. It was there ruled that the conclusion to the indictment did not conform to the terms prescribed by the Constitution, and the same ruling must be made in the case at bar.

It is therefore ordered that the judgment of the trial court in this cause be reversed and the cause remanded, to the end that such further orders may be made concerning this cause, touching a new charge, as the court may deem proper, in accordance with the provisions of the statute.

All concur.