## THE STATE v. FERD WARNER, Appellant.

### Division Two, May 18, 1909.

INDICTMENT: Against Peace and Dignity of State: Insufficient. An indictment concluding with the words "against the peace and dignity of State" is insufficient. The Constitution provides that "all writs and process shall run and all prosecutions shall be conducted in the name of the 'State of Missouri;' . . . . and all indictments shall conclude, 'against the peace and dignity of the State,' " and the omission of the word "the" before "State" is fatal.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

REVERSED AND REMANDED.

*T. J. Rowe, Hiram N. Moore, Thos. J. Rowe, Jr.,* and *Henry Rowe* for appellant.

The indictment upon which appellant was tried and convicted concludes, "contrary to the form of the statute in such cases made and provided and against the peace and dignity of State." The definite article "the" before "State" is omitted in the concluding sentence of the indictment. It is only necessary to call the court's attention to the learned, lucid and exhaustive opinion in State v. Campbell, 210 Mo. 202. The identical proposition is also decided in State v. Skillman, 209 Mo. 408.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

An examination of the indictment discloses that, if the authorities are to be followed, it is defective in one respect. State v. Campbell, 210 Mo. 202; State v. Skillman, 209 Mo. 412. The court's attention is, however, respectfully called to the difference between the cases mentioned and the case at bar: In the Campbell case, defendant, both by his motion to quash, and by his motion in arrest of judgment, specifically assailed the indictment therein on the ground that the conclusion was insufficient. In the Skillman case there was a motion in arrest of judgment. In this case the defect was not pointed out in the lower court, defendant not having mentioned it in his demurrer to the indictment, and having entirely omitted filing a motion in arrest of judgment.

GANTT, P. J.—On the 5th day of December, 1907, the grand jury of the city of St. Louis returned an indictment, charging the defendant Ferd Warner, and one Frederick Priesmeyer, with the crime of bribery. An application for a change of venue was made and overruled. A severance was granted and

the defendant Warner was duly arraigned and entered his plea of not guilty.

At the same term he was put upon his trial and convicted and his punishment assessed at two years in the State penitentiary. His motion for a new trial being overruled, he was sentenced in accordance with the verdict. He then filed a bill of exceptions and appealed to this court.

I. The defendant assigns only one error in this court and that goes to the sufficiency of the indictment. The indictment concludes in these words: "Contrary to the form of the statute in such cases made and provided and against the peace and dignity of State." The Constitution of Missouri, article 6, section 38, provides "that all writs and process shall run and all prosecutions shall be conducted in the name of the 'State of Missouri;' all writs shall be attested by the clerk of the court from which they shall be issued; and all indictments shall conclude, 'against the peace and dignity of the State.'"

This court in State v. Skillman, 209 Mo. 408, and in State v. Campbell, 210 Mo. 202, held that indictments concluding in this identical form were fatally defective in not complying with the constitutional mandate. We can add nothing to what was said on this subject in those cases, and accordingly this judgment must be and is reversed and the cause remanded, in order that a proper indictment may be returned. In the meantime the defendant will be recognized to answer such other or further charges.

Judgment reversed and cause remanded. *Burgess* and *Fox, JJ.,* concur.