THE STATE v. ANDY SKILLMAN, Appellant.

Division Two, May 26, 1910.

1. **CONVICTION OF LESSER OFFENSE.** The State can select for prosecution a less or different offense of which defendant is guilty, although he is guilty of a greater or different offense.

2. ————: **Carnal Knowledge: Evidence Showing Rape: Force: No Instruction.** Although prosecutrix's testimony shows that defendant used force and she failed to make an outcry, it is not the duty of the court to instruct on her failure to make an outcry. The State may elect to prosecute under the carnal knowledge statute, and not for rape. Besides, in this case, the court should not have given an instruction for rape, because the evidence shows the offense of carnal knowledge as defined by the statute, and the jury might well have rejected the testimony as to force.

3. **CARNAL KNOWLEDGE: Sufficient Evidence.** Where the testimony of the prosecutrix was corroborated by other witnesses, and there were no physical facts that contradict her, and defendant had ample opportunity to have carnal knowledge with her, and the evidence fails to show that other persons did, and she gave birth to a child, it was for the jury, who saw her manner at the trial, to determine whether or not she was worthy of belief.

Appeal from Bates Circuit Court.—*Hon. Chas. A. Denton,* Judge.

AFFIRMED.

*Miles S. Horn, John S. Francisco* and *H. C. Clark* for appellant.

(1) The testimony of the prosecuting witness, upon which the State must depend solely, makes out a case of rape. It was proper, therefore, to submit to the jury the usual instruction on her failure to make an outcry or complaint of her treatment thereafter. The court erred in refusing instructions 9 and 10 offered by the defendant. (2) Under the peculiar cir-

cumstances in this case, the court should have instructed on the higher crime of rape. 118 Mo. 79; 86 Mo. 309. (3) The testimony of the prosecutrix, upon which alone this verdict must stand, if at all, is so improbable and contradictory and at variance with all the possibilities, that it is clearly the result of passion and prejudice.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for the State.

(1) Appellant's first contention is clearly untenable, since he was not charged with the crime of rape, but that of defiling his ward. Force or violence constitutes no element of the offense for which he was on trial, and as a matter of law it was wholly immaterial whether the prosecutrix made or failed to make any complaint. State v. Palmberg, 199 Mo. 254. (2) The court under this indictment, should not have authorized a verdict of guilty or not guilty on the charge of rape, since the indictment does not include within its allegations all the elements of that crime. There is no allegagation that the act complained of was accomplished by force, or that the female was under the age of fourteen years, but, on the contrary, the allegation is that she was fifteen years of age. The proposition that the State can select for prosecution the lesser crime of which a person is guilty, is no longer debatable in this State. This court has expressly held that the statutes against carnal knowledge make no distinction between sexual intercourse with or without consent or force, and that a defendant cannot escape the effect of such statutes because the evidence shows he used sufficient force to constitute rape. In such cases there is no such merger of the offenses as to discharge him for the offense for which he was indicted, and he cannot complain that he was not proceeded against for a greater crime. State v. Hamey, 168 Mo. 167; State v.

Knock, 142 Mo. 515; R. S. 1899, sec. 2535; State v. Wagner, 78 Mo. 337; State v. Keeland, 90 Mo. 338; State v. Jones, 106 Mo. 302; State v. West, 202 Mo. 128; State v. Bobbitt, 215 Mo. 10; State v. Sebastian, 215 Mo. 58. (3) We fail to see how this court can or should disturb the verdict on the ground of insufficiency of evidence. State v. Matthews, 202 Mo. 147; State v. McCullough, 171 Mo. 574; State v. Tetrick, 199 Mo. 100; State v. DeWitt, 152 Mo. 76.

GANTT, P. J.—This cause was here on a former appeal and was reversed and remanded for want of sufficient information. [State v. Skillman, 209 Mo. 408.]

Thereafter on the 19th of January, 1909, the prosecuting attorney filed a new information in which he charged that the defendant on the——day of July, 1906, at Bates county, was then and there a person to whose protection one Myrtle McCulloch, a female, then and there under the age of eighteen years, to-wit, of the age of fifteen years, had been and was then and there confided, and her, the said Myrtle, unlawfully and feloniously did defile by then and there having carnal knowledge of her body, while she remained in his care and protection, custody and employment, she the said Myrtle then and there being confided to the care and protection, custody and employment of the said Andy Skillman, against the peace and dignity of the State. Upon this new information, defendant was duly arraigned, tried and again found guilty and his punishment assessed at two years in the State penitentiary. Motion for a new trial and in arrest were duly filed, heard and overruled and the defendant sentenced in accordance with the verdict. From that judgment he prosecutes this appeal.

The testimony on the part of the State tended to prove that in July, 1905, Myrtle McCulloch, a daughter of J. H. McCulloch, was about fifteen years old; that

State v. Skillman.

under an agreement between her father and the defendant she went to live in defendant's family as a member of his family, and for her services defendant was to furnish her with proper food and clothing and treat her as a member of his family and to see that she did not run around the streets of Foster, the town in which he lived, or to be out at night unless accompanied by members of his family. Defendant and his wife and Myrtle constituted the family of defendant. It appears that shortly after Myrtle went to live with defendant he began to take liberties with her in the absence of his wife. This conduct continued until July, 1906, when on one occasion his wife had gone down town—Myrtle was in the dining room alone, writing a letter, when defendant came in and began caressing her and had sexual connection with her on a lounge in the dining room. According to her testimony he had intercourse with her frequently, both before and after that date. She testified she did not consent; that he used more or less force, but she made no outcry, and did not complain to members of the defendant's family or to her parents when she went home, as she occasionally did and remained for a day or two. In the latter part of July, 1906, she and defendant discovered she was in a family way and she went home, and in March, 1907, she gave birth to a child. She testified that she never had intercourse with any other man and that defendant was the father of her child.

Different witnesses testified to statements and admissions of defendant, tending to show his guilt. The father testified that in July, 1906, defendant had told him Myrtle had received no company or attentions from boys or men and had not been out at night during her stay at his home. On two occasions, soon after she left defendant's home, defendant inquired of her father *if Myrtle had told anything,* to which the father replied in the negative as he had not then learned of her condition. Another witness testified that defend-

ant told him he had heard Myrtle was in trouble and was going to charge her condition to him, and if he thought she could he would leave home, but owing to his coal business he could not get away. Afterwards he said to this witness that if the latter was subpoenaed to testify, he could simply state that defendant had told him nothing about the case, and that he knew nothing about the facts. He also advised another witness to approach the girl for sexual favors.

Defendant testified in his own behalf. He denied he ever had sexual intercourse with the girl, and denied the statement and admissions attributed to him by the other witnesses. He produced evidence of good character, and testimony tending to show the reputation of Myrtle for truth and veracity was bad. He also offered evidence that Myrtle had said defendant only had intercourse with her once. The members of his family denied the familiarity of defendant with prosecutrix to which she testified.

In rebuttal the State introduced evidence of seven or eight witnesses to the effect that the reputation of prosecutrix for truth and veracity was good.

There is no error whatever in the record proper. The information is sufficient and charges all the essentials to bring the offense within the statute. The arraignment, impaneling of the jury and the verdict and sentence are all in due and regular form.

The defendant seeks a reversal upon two grounds, *first*, that the testimony of the prosecutrix makes out a case of rape and the court should have instructed the jury on the failure of the prosecutrix to make an outcry or complain of her treatment when opportunity offered; *second*, that there is no substantial evidence to support the verdict and it was the result of passion or prejudice.

I. The proposition that the State can select for prosecution a less or different offense of which a per-

son is guilty, although he is guilty of a greater or different offense, is settled law in this State. This has been fully settled in prosecutions under the carnal-knowledge section and statutory rape of a female under fourteen years of age, in which it has been ruled that those offenses may be committed with or without force. [State v. Knock, 142 Mo. 515; State v Hamey, 168 Mo. 167; State v. Palmberg, 199 Mo. 1. c. 254.]

Moreover, we do not think the court should have given the instruction in regard to rape, because, as was said in State v. Strattman, 100 Mo. 1. c. 550, "this is a case where 'actions speak louder than words.'" The jury might well have rejected the evidence as to force. See also Sec. 2535, R. S. 1899; State v. Bobbitt, 215 Mo. 10; State v. Wagner, 78 Mo. 644; State v. Sebastian, 215 Mo. 58.

II.   To the contention that the testimony was insufficient to support the verdict, we are unable to agree. Notwithstanding the assault upon the testimony of the prosecutrix, it can be said that two juries of the county in which the offense was charged to have been committed heard her evidence, saw her demeanor on the witness stand and believed her.

So much depends upon the appearance and manner of a witness that it is with extreme reluctance that an appellate court should assume the right of disregarding a witness's story. In this case there are no such contradictions or physical facts that would justify us in so doing. On this last trial, the girl's testimony was corroborated by other evidence. There was no testimony showing she had been intimate with any other man; on the contrary, he had ample opportunities, if so disposed and she had no other masculine associates. While her testimony indicates she has had few advantages, intellectually or morally, it was for the jury who saw and heard her to determine whether she was worthy of belief and by their verdict they have said

she was, and we see no reason for disturbing their verdict, and accordingly the judgment is affirmed. *Burgess* and *Fox, JJ.,* concur.