STATE OF MISSOURI, Respondent, v. ARTHUR CALVIN, Appellant.

**Springfield Court of Appeals, January 8, 1912.**

1. CRIMINAL LAW: Information: Imperfections in Typewriter. An objection was made to the information on account of the misspelling of certain words, the contention being that the letter "o" was used where the letter "d" belonged. The original information is examined and *held* that the typewriter upon which the information was prepared was evidently badly worn, but that the stem of the letter "d" though very dim, is still sufficient to convince the court it is the letter "d" and not the letter "o" as contended on the part of the defendant.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*G. Purd Hays* and *John T. Hays* for appellant.

*Fred W. Barrett* for respondent.

COX, J.—Defendant was convicted upon trial under information filed by prosecuting attorney for unlawfully running a horse upon the highway and has appealed to this court.

The only question presented here is the sufficiency of the information. The objection to the information is based solely upon the spelling of certain words. The contention is that the letter "o" is used where the letter "d" belongs so that the word intended for "and" in the information is "ano", the word "road" is "roao", the word "by" is "oy" and in conclusion instead of concluding "against the peace and dignity of the state", it concludes "Against the peace ano oignity of the state". If this contention were true the information would be bad under the au-

thority of the latest decisions of the Supreme Court touching this question by which we are bound, even though it is patent to every one that the misspelling is clearly a clerical error which under no possible condition could mislead anyone. [See State v. Fairlamb, 121 Mo. 137, 25 S. W. 895; State v. Skillman, 209 Mo. 408, 107 S. W. 1071; State v. Campbell, 210 Mo. 207, 109 S. W. 706; State v. Warner, 220 Mo. 23, 119 S. W. 339.]

In the transcript of the clerk sent to this court those words are correctly spelled but the original information has been sent here for our inspection and upon inspection of it we find that it was prepared upon a typewriter which was evidently badly worn and the outline of the letters is not clear and this accounts for the apparent misspelling. The stem of the letter "d" is very dim but we are convinced that it is the letter "d" and not the letter "o" as contended by counsel for the defense. The result is that the cases cited supra are not in point in this case. We think the information sufficient and the judgment will, therefore, be affirmed. All concur.