**STATE of Missouri, Respondent,**

**v.**

**Henry Cleo NAPPER, Appellant.**

No. 50404.

Supreme Court of Missouri,

Division No. 1.

July 13, 1964.

Motion for Rehearing or to Transfer to Court En Banc Denied Sept. 14, 1964.

Opinion Modified on Court's own Motion Sept. 14, 1964.

Lawrence J. Lee, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Robert D. Kingsland, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

The defendant, Henry Cleo Napper, was charged with stealing personal property of the value of $50 or over in the City of St. Louis. The information invoked the provisions of the habitual criminal act and alleged that defendant had theretofore been convicted of certain felonies. Trial of the case before a jury resulted in a verdict finding him guilty of stealing property of a value of $50 or more. It was stipulated and agreed between the State and defendant that he had been previously convicted of three felonies, sentenced and imprisoned therefor and subsequently discharged, all as charged in the information. After his motion for new trial was overruled, he was accorded allocution, and sentenced, in accordance with the punishment theretofore assessed by the Court, to be committed to the Department of Corrections for a term of six years. He appealed to this Court, after which his trial counsel who had represented him and was present at all trial and after trial proceedings, withdrew as his counsel. He is represented here by able counsel who has filed a brief in his behalf.

In his motion for new trial he makes nine assignments of error, only three of which are presented for review here, viz., (1) that the evidence was insufficient that the items allegedly stolen had a value of $50 or more, (2) that the Court erred in overruling defendant's motions to suppress evidence, and (3) that the Court erred in giving instruction No. 3. After a jury had been impaneled and sworn to try the issues, out of the hearing of the jury defendant orally moved to suppress the evidence and gave as reasons therefor that at the time of defendant's arrest and search he was a public carrier, that there was no probable cause for the arrest, "and for that reason it is inadmissible as evidence." At the same time defendant moved to refile a like motion which the Court file disclosed had been filed in the cause in the Court of Criminal Correction, but not refiled in the trial Court or prior thereto submitted or brought to that Court's attention. Leave was granted to refile that motion and both motions were overruled as being untimely and unseasonably filed. The transcript of the record approved by trial counsel and filed here does not contain this written motion to suppress evidence.

No evidence was offered by the defendant. The evidence adduced in behalf of the State warrants a finding of the following facts. Late in the afternoon of February 27, 1963, Phillip William Wilhauk of Hillsboro, a student at St. Louis University, parked and left his two-door Chevrolet Corvair, in a parking lot at the rear of The Playboy Club, 3930 Lindell Boulevard, in the City of St. Louis, where he was employed. Inside his locked automobile, he left an olive-drab colored suit of clothes hanging and a pair of dark tan man's shoes, size 10½ on the floor in the back seat. He left his work and returned to his automobile at about one o'clock a. m. on February 28, where he found its right door ajar, the vent window shattered, the window lock broken, and his suit and shoes missing. He immediately drove to the Lucas Avenue Police Station where he reported the theft and there found and identified his suit and shoes. He testified that he bought the suit about two weeks before the incident from Downs Store on Grand Avenue for Seventy-Five Dollars and bought the shoes, which he had owned about six months, from Wolff's for Twenty-Five Dollars. Both articles of cloth-

ing were identified by Wilhauk, and the two arresting officers, and then offered in evidence and passed to the jury for their examination over the objection of defendant, the objection being that they were "inadmissible." At about eight o'clock, p. m., after dark, on February 27 officers James Fitzgerald and Joseph Burgoon of the St. Louis Metropolitan Police Department mobile reserve were driving west in the alley between Grandel Square and Washington Avenue, approximately six or seven blocks from the 3900 block of Lindell Boulevard. Proceeding through the alley the officers observed a Harris taxicab parked on a lot and backed up to a hotel with the cab lights out, the motor running, and defendant in the driver's seat. As the officers drove onto this lot they also observed one Aaron Burgess, known to them as a "car clotter" (thief), in the automobile of another with the dome light on rifling through a suitcase and clothes. Known also to the officers was Burgess' method of using a cab as an accomplice for transportation in connection with his theft operations and that he was "working" this night. Approximately twenty feet distant was the cab occupied by defendant. Stopping the patrol car on the lot Officer Fitzgerald got out and as he was approaching the cab defendant attempted to pull away moving the cab approximately five to ten feet from the building, when the officer called to him to halt. While questioning the defendant as to why he was in that area the officer observed a man's olive-drab colored suit in plain view on the front seat of the cab. To the officer's questions the defendant replied that he was waiting for a girl friend employed at the hotel, but defendant would not or could not furnish the officer the name or address of the girl friend. The two officers then arrested defendant and Burgess and thereafter, with the permission of defendant, Officer Fitzgerald searched the cab and found under the front seat a pair of men's dark tan shoes, size 10½. The defendant, the cab's busy but temporarily absent passenger Burgess, and the suit and shoes, above described, were then taken to the Lucas Avenue Police Station where Wilhauk later reported these items as missing without his permission from his automobile and identified them as his.

We will treat with defendant's assignments of error in the order above mentioned.

■ Only the prosecuting witness testified as to the value of the items taken from his automobile, and his testimony as to value was not objected to by defendant. No objection was made to Wilhauk testifying as to what he had paid two weeks before for the suit and six months before for the shoes. No objection was made that Wilhauk was using an improper standard of value. There was no cross-examination to show that he was using an improper standard. Nor was there any request by defendant for preliminary questioning to determine what standard should be used. The suit and shoes were passed to the jury for their examination. In State v. Bresse, 326 Mo. 885, 33 S.W.2d 919, 1. c. 921, this Court said, "[t]he rule seems to be that, where the property is secondhand, * * *, proof as to its cost and its length of use may be put before the jury, and that constitutes evidence of value sufficient to support a finding." State v. Brewer, Mo., 286 S.W.2d 782, 783. Defendant cites State v. Norman, 101 Mo. 520, 14 S.W. 661, 10 L.R.A. 35, which was reversed for the giving of certain instructions and the failure to give an instruction on petit larceny. The case supports the State's theory here that the evidence as to value of the suit and shoes was sufficient to sustain the verdict. In the Norman case the only evidence as to value of the property taken was that the owner paid $30 for it eighteen months before the larceny, and the Court said, "[we are] conceding that this evidence, in connection with the fact that the coat was before the jury, warranted an instruction on grand larceny, * * *." The jurors that tried this case and examined the suit and shoes surely were not without some knowledge as to values. We find that there was substantial

evidence that the value of the property involved was more than $50.

The defendant was arrested without a warrant and his automobile searched. Was this arrest and the attendant search and seizure lawful under the facts above related? We think it was. If lawfully arrested the search of defendant's automobile was lawful and the evidence discovered thereby was admissible. An officer has a right to arrest without a warrant on reasonable grounds to suspect that the person arrested has committed a felony. State v. Williams, Mo., 14 S.W.2d 434, 435; State v. Raines, 339 Mo. 884, 98 S.W.2d 580; State v. Cantrell, Mo., 310 S.W.2d 866. Here the officers found after dark a known car thief, whose known "method of operation" was to use a taxicab and driver as an accomplice, in the act of rifling through personal effects of another in an automobile with the defendant occupying a taxicab with its lights out and motor running only about twenty feet distant. Beside the defendant on the front seat of the cab and in plain view of the officer was a suit of clothes. Defendant moved the cab in an attempt to leave and suspiciously did not reasonably explain his presence in this darkened area on the hotel parking lot. After the arrest under these circumstances, the officer asked permission, searched the cab, and found Wilhauk's shoes under its front seat.

The time and place, the suspicious actions and words of the defendant, as well as the actions of defendant's busy but temporarily absent passenger, and the stolen suit in plain view in the cab seat, are circumstances tending to justify the arrest.

There being reasonable grounds to believe that defendant had committed a felony there was probable cause for his arrest, and the contention that the arrest was unlawful is overruled. It therefore follows that the search for and seizure of the stolen shoes was lawful. The Court did not err in overruling the motion to suppress the evidence.

In his motion for new trial defendant alleges as error, "The Court erred in giving the Jury Instructions No. 2 & 3." This assignment of error is too general to preserve anything for appellate review. Rule 27.20; Section 547.030, RSMo 1959 (all references to Rules and Statutes are to V.A.M.R., and V.A.M.S., respectively). State v. Lord, Mo., 286 S.W.2d 737; State v. Richardson, Mo., 321 S.W.2d 423.

Other grounds for exception in defendant's motion for new trial were not presented in his brief filed here, and are therefore deemed waived or abandoned. Rule 28.02. State v. Hayzlett, Mo., 265 S.W.2d 321.

No error being found with respect to those matters the Court is required to consider upon the record before us (Rule 28.02) and for the reasons given the judgment and sentence is affirmed.

All concur.