STATE of Missouri, Respondent,

v.

Henry John SCOTT, Appellant.

No. 56768.

Supreme Court of Missouri, Division No. 2.

Dec. 11, 1972.

1. References to rules are to Rules of Supreme Court of Missouri and V.A.M.R.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Philip M. Moomaw, Rolla, for appellant.

HENLEY, Judge.

Henry John Scott (hereinafter defendant) appeals from a conviction of striking an officer in the performance of his duties.

Section 557.215, RSMo 1969, V.A.M.S. He was sentenced to imprisonment for two years. We retain jurisdiction to dispose of the appeal pursuant to the schedule (§ 31, para. 4) to the 1970 amendment of Article V, Missouri Constitution, V.A.M.S., since it was pending in this court on January 1, 1972.

At the time of the incident which brought the instant conviction, defendant was awaiting trial in the Rolla city jail on other charges. When deputy sheriff Scott (no relation to defendant) arrived at defendant's cell to take him to trial, defendant refused to leave. Deputy Scott tried again, with the help of a city police officer, Elliott, to get defendant out of his cell. Defendant climbed to the top of his bunk and repeated his refusal to leave. Another prisoner, Beasley, also refused to leave the cell. Assistant chief of police Rolufs (also a deputy sheriff) and an F. B.I. agent came to the aid of the two officers. They attempted to forcibly lead the other prisoner from the cell so that defendant would be isolated. Defendant jumped from the bunk and hit Rolufs on the back. A short struggle ensued. Rolufs applied a "headlock" to defendant in an effort to subdue him. Defendant then dealt blows to Rolufs' midsection.

At trial Rolufs testified that a physician treated him for fractured ribs. Over objection he stated that the physician indicated to him the position of the cracked ribs on an x-ray photograph.

Defendant's first point is that the court erred in admitting testimony by Rolufs concerning the results of the x-ray examination of his ribs. It is argued that this is medical testimony properly the subject of expert opinion and that Rolufs is not an expert and therefore not qualified to testify as to the results of this examination. It is asserted in argument that the statement was blatant hearsay. Although no objection was made on the basis of hearsay, defendant asks that we consider this contention and reverse the conviction

under the plain error rule. Rule 27.20(c), V.A.M.R.

■ What defendant objects to is this statement: "The Witness: The doctor showed me the two cracked—cracks in the ribs on the x-ray, yes sir." This statement is obviously not an expert witness' interpretation or explanation of a technical problem in order that the jury might make a proper decision. See 32 C.J.S. Evidence § 546(60) et seq. Rolufs simply related what the physician pointed out to him. Defendant contends that the statement is hearsay. But if it is hearsay, that was not the basis for defendant's objection; nor is that ground assigned as error in the motion for new trial. The point that the statement is hearsay is not preserved for review.

Defendant has not demonstrated wherein or how manifest injustice or a miscarriage of justice has resulted from the admission of this testimony and we decline to consider this argument under the plain error rule.

Defendant's second point is that the evidence is not sufficient to sustain his conviction of the offense charged. He contends that officer Elliott and deputy Scott, in testimony by each, could not state with complete authority that he hit Rolufs as he (defendant) jumped from the bunk; that they could not say that Rolufs was hit after he held defendant in a "headlock."

Deputy Scott testified that he saw defendant jump down on Rolufs; that he saw the defendant's hands come down on Rolufs' back. Officer Elliott testified that he saw defendant jump on Rolufs; that when defendant's hands hit Rolufs they were clenched in fists; that he clearly saw defendant's fist hit Rolufs' right side (where the fractured ribs were located). Assistant chief Rolus testified that he saw a blur descending from the bunk and felt a blow to his shoulder; that defendant was the only person in the cell in the position to deal such a blow; that as he held defendant he felt a blow to his ribs; that no one else in the cell was within an arm's length of him.

There is sufficient substantial evidence to sustain the conviction. State v. Campbell, Mo., 292 S.W.2d 297, 299 [5]; State v. Hill, Mo., 438 S.W.2d 244, 247 [6]; State v. Roach, Mo., 480 S.W.2d 841, 842 [3].

■ Defendant's third point is that the verdict directing instruction varied from the information in that the information referred to Rolufs as a "Deputy Sheriff" and the instruction described him as "Assistant Chief of Police". Defendant has made no argument or cited any authority to demonstrate that this variance resulted in error prejudicial to his rights. The evidence is that Rolufs held both positions. The point is without merit.

■ Finally, defendant contends that the court erred in refusing to grant his oral application for a continuance made on the morning of the trial on the ground that his witness, Joe Beasley, was absent. Beasley had not been subpoenaed. Defendant's application for a continuance does not comply in any respect with Rule 25.08, and therefore the court did not abuse its discretion in denying the application. State v. Johnson, Mo., 461 S.W.2d 724, 726.

The judgment is affirmed.

All of the Judges concur.