STATE of Missouri, Plaintiff-Respondent,

v.

Peter HIGGINS, Defendant-Appellant.

No. 39607.

Missouri Court of Appeals, St. Louis District, Division One.

June 13, 1978.

Lawrence O. Willbrand, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Daniel F. Lyman, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Douglas A. Forsyth, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant Peter Higgins appeals from a judgment of conviction entered by the circuit court of St. Louis City finding appellant guilty of stealing property of the value of at least fifty dollars ($50.00). In the amended information the state also alleged that appellant had previously been convicted of attempted stealing of a motor vehicle. After a hearing as to the applicability of § 556.280 RSMo 1969, the trial court found that appellant had a prior conviction and sentenced appellant to a term of three (3) years imprisonment.

For reversal appellant contends that the trial court erred: (1) in allowing the state to proceed under the Second Offender Act because appellant's prior conviction was a misdemeanor; (2) in denying appellant's motion for a continuance because of the untimely filing of the amended information on the last day of trial; and (3) in failing to sustain appellant's motion for a judgment of acquittal, and to instruct on stealing property of a value less than fifty dollars. We affirm.

In the reverse order we will consider appellant's charges of error. Initially, we dismiss appellant's claim of error that an instruction on stealing property of a value less than fifty dollars should have been read to the jury. This for the reason that appellant neither included the point now being urged in his motion for a new trial, nor included any authorities in his brief to support his contention; in fact, appellant did not even include this claim in the argument portion of his brief. Consequently, we hold this point was not preserved for appellate review.

The first part of appellant's third contention is troublesome. He argues that the state failed to make a submissible case. In support of this contention he shows that the only evidence presented on the value of the CB radio taken from the victim's car proceeded as follows:

"Q. Now, when you left your truck that morning, was the citizen band radio in the truck?

A. Yes, sir.

Q. Was it in operating condition?

A. Yes, sir.

Q. How long had you had the radio?

A. Since May of 1975.

Q. And approximately how much did it cost when you first acquired it?

A. It was a gift.

Mr. Willbrand: I am going to object what it cost to acquire. That would be immaterial and irrelevant.

The Court: Overruled. You may answer.

A. One Hundred sixty-nine dollars."

Afterward, the victim further testified that the radio operated "as same as the first day I bought (sic) it." This case was tried two years and one month after the date testified to by the victim as the date he received the CB as a gift.

In *State v. Carter*, 544 S.W.2d 334, 339 (Mo.App.1976), we held that retail price, as well as wholesale cost, does shed light upon fair market value, and that both have some relevancy in determining fair market value. Viewed in this light, appellant's objection of irrelevancy of the retail price paid by the donor of the gift to the donee-victim cannot stand. Moreover, appellant's objection lacks specificity inasmuch as it fails to call to the attention of the trial court the basis of appellant's concern. Nothing contained in our disposition of the point is addressed to the possible hearsay nature of the donee-victim's testimony as to what his donor paid for the CB radio.

■ Appellant's second contention in reference to a continuance, as conceded by appellant, is addressed to the sound discretion of the court, and an appellate court will not interfere unless it clearly appears that such discretion has been abused. *State v. Hill*, 530 S.W.2d 50, 51 (Mo.App.1975). To put appellant's argument into perspective, we note that on the first day of trial, prior to the voir dire examination, the state informed the trial court and appellant's counsel of its intention to file an amended information alleging that appellant was a second offender. Appellant objected, assigning two grounds: (1) surprise, i. e., lack of sufficient time to adequately prepare his defense; and (2) legal, i. e., the prior conviction in question was a misdemeanor. We refuse to review either claim of error now being asserted by appellant because appellant flagrantly violated Rule 84.04(d), (e). Neither the point relied upon nor the argument portion of the brief cited any authorities in support of appellant's present claims. Thus this contention is denied.

For his first point, and the final one of appellant's contentions, appellant argues vigorously that his prior conviction on a plea of guilty to the offense of attempted stealing of a motor vehicle was a misdemeanor; consequently, the trial court erroneously permitted the aforesaid conviction to be used under the Second Offender Act, § 556.280, RSMo 1969. We disagree.

Section 556.280, RSMo 1969, enacted in 1959, provides, inter alia:

If any person convicted of any offense punishable by imprisonment in the penitentiary, *or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary*, . . . (Emphasis added).

■ In *State v. Bosler*, 432 S.W.2d 237, 239 (Mo.1968), our supreme court, when confronted with a similar argument, found the argument to be without merit. In *Bosler*, the court, in construing § 556.280, stated where · the prior conviction is for an attempt to commit a particular offense, the test is not what punishment is prescribed in the statute for attempt, but rather the punishment applicable if the attempted offense had been perpetrated. *Id.* Consequently, inasmuch as if appellant had consummated his attempt to steal a motor vehicle, the punishment applicable would have been imprisonment in the penitentiary, we rule this point against appellant.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.