**STATE of Missouri, Respondent,**

v.

**Kenneth MALONE, Appellant.**

**No. 40236.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 5, 1979.

Robert C. Babione, Public Defender, Charles H. Mostov, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant Kenneth Malone appeals from a conviction by a jury for the offense of stealing property of the value of at least $50. Under the Second Offender Act, the court sentenced defendant to four years imprisonment.

On appeal, defendant raises one point: that there was not substantial evidence of value to warrant submitting to the jury the issue of stealing property of the value of at least $50.

The evidence showed that defendant and another stole two radio/cassette players from the Famous-Barr Warehouse store. Arnold Kreitman identified the stolen items as those sold by Famous-Barr. The items have no serial numbers, only model numbers. He produced a bill of lading which was admitted in evidence. The radio/cassette players were bought as part of merchandise bought in bulk group lots. The bill of lading indicated that the unit price was $38.86 each. It also showed a receiving date of March 19, 1976. On cross-examination, Kreitman stated that it was possible that these particular items could

have been owned by the store before that date (they had been selling this particular radio for about four years), but the least they had ever paid for them was $34.52. He further admitted that in its Warehouse store Famous-Barr sold distressed merchandise, which is merchandise that had not moved at the regular stores. They also sold some damaged property, but such property was fully repaired before sale. There was no evidence that this was damaged property.

Defendant was charged with stealing two radio/cassette players with a combined value of at least $50. In order to find the defendant guilty of stealing property of a value of at least $50, Instruction No. 8 required a finding by the jury that the defendant had stolen both radio/cassette players and that this combined value was at least $50.[1]

Evidence of the wholesale cost is relevant in determining fair market value. *State v. Carter*, 544 S.W.2d 334 (Mo.App. 1976). Pointing to the buyer's testimony that the items could have been purchased by Famous-Barr four years before the theft and that the buyer could not tell from his own knowledge whether they had been refurbished, the defendant contends that the state failed in its burden of proof as to value. We believe that the evidence was sufficient to sustain the state's burden of proof as to the combined value being at least fifty dollars, and that the buyer's testimony on cross-examination went to the weight of the testimony.

Affirmed.

GUNN and CRIST, JJ., concur.

---

1. The court instructed on the lesser and included offense of stealing property valued at less than $50.