STATE of Missouri, Respondent,

v.

Adrian Jerome WILLIAMS, Appellant.

No. 43546.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 29, 1982.

Rehearing Denied Dec. 10, 1982.

Application to Transfer Denied
Jan. 17, 1983.

---

Robert W. Meyers, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his convictions by a jury of burglary first degree and of stealing $150 or more and the resultant seven and three year sentences to be served consecutively. The jury acquitted defendant of two counts of robbery. We affirm.

At 2 a.m. on March 15, 1979, a Wells Fargo security guard was on duty at Consolidated Aluminum in St. Louis County. A man dressed in a Wells Fargo uniform sought admission through a locked door on the basis that he had left his keys inside. The guard admitted the man onto the premises. The man then pulled a gun and ordered the guard into a restroom. A second individual, unseen by the guard, then threw a box into the restroom with instructions to put it over the guard's head, which was done by the first man. Money and keys were taken from the guard. Another employee on duty in a computer room was subsequently held at gunpoint and robbed by a man in a Wells Fargo uniform. Another man, unseen by the second employee, whispered instructions to the man in the Wells Fargo uniform. Both men, and possibly a third, then left. Subsequently, an I.B.M. Selectric typewriter was discovered to be missing from the premises.

Defendant had been an employee of Wells Fargo a few months prior to March 15. He had served as a security guard at Consolidated Aluminum and was well known to the computer room employee. Defendant had also reported the loss of his Wells Fargo uniform to the company at approximately the time he left the employ of that company. The interloper in the Wells Fargo uniform was Tom Hall not defendant. Defendant was taken in for questioning the day after the activities at Consolidated Aluminum and following Miranda warnings gave a confession which was tape recorded. That confession admitted participation in the crimes at Consolidated. He also took an undercover police officer to Tom Hall where an unsuccessful attempt was made by the officer to buy from Hall a gun identified by the officer as having the same serial number as a gun taken from the possession or car of the Wells Fargo security guard at Consolidated Aluminum. Defendant also took the officer to a business establishment in an unsuccessful attempt to recover the typewriter.

Defendant denied the latter two activities and testified that the confession was prepared by the police officers and read by him under some coercion. He also presented evidence of alibi, although except for himself, none of his alibi witnesses accounted definitely for his presence during the time of the crimes.

Defendant's first point is that the trial court erred in allowing the tape recording containing his confession and a tape player to be taken to the jury room with the other exhibits following a jury request for all exhibits. The decision whether to allow exhibits to be taken to the jury room is a matter of discretion for the trial judge. *State v. Stewart*, 615 S.W.2d 600 (Mo.App. 1981) [6]; *State v. Jordan*, 532 S.W.2d 776 (Mo.App.1975) [3–5]. An abuse of discretion is "a judicial act which is untenable and clearly against reason and which works an injustice." *State v. Stubenrouch*, 499 S.W.2d 824 (Mo.App.1973) [4–6]. *See also, State v. Connell*, 523 S.W.2d 132 (Mo.App. 1975) [15–17]. We do not find the court's action here to fit that definition. In *State v. Hale*, 371 S.W.2d 249 (Mo.1963) [21], the court found no abuse of discretion in allowing a signed statement of the defendant to be sent to the jury room over the objection that it unduly highlighted and emphasized that piece of evidence. *See also State v. Yowell*, 513 S.W.2d 397 (Mo. banc 1974) [15]; *State v. Howard*, 360 S.W.2d 718 (Mo. 1962) [5]. That is the same objection defendant now raises. Tape recordings have become the modern substitute for hand or typewritten statements. *State v. Triplett*, 248 Iowa 339, 79 N.W.2d 391 (1956) [11]; *State v. Gensmer*, 235 Minn. 72, 51 N.W.2d 680 (1952) [13]. In this case all exhibits were sent to the jury room, lessening the emphasis on the tape exhibit. *United States v. Thomas*, 521 F.2d 76 (8th Cir.1975) [7, 8]. We find no merit to this point.

Defendant's next point concerns the admission into evidence of a photograph of a lineup including Tom Hall. Defendant challenges the relevancy of this evidence and opines that it implied a conspiracy between Hall and defendant. At trial defendant objected to the constitutionality of the lineup and that the testimony did not establish that the photograph was an accurate representation. In the motion for new trial, defendant's ground was that he had been denied the opportunity to challenge the constitutionality of the lineup. The present challenge was never raised at trial or in the motion for new trial. It has not been preserved for review. *State v. Lang,* 515 S.W.2d 507 (Mo.1974) [8–10]; *State v. Scott,* 487 S.W.2d 528 (Mo.1972) [2, 3].

Defendant next challenges the sufficiency of the evidence on the burglary count because of an absence of evidence of "breaking," citing *State v. Newland,* 592 S.W.2d 495 (Mo.App.1979) and *State v. Neely,* 582 S.W.2d 352 (Mo.App.1979). Both those cases were tried under now repealed burglary statutes. The present case was tried under Sec. 569.160.1, RSMo 1978, the statute in effect at the time of the crime. That statute does not require a "breaking." *See* Comment following Sec. 569.170 V.A.M.S.1979. Rather, Sec. 569.160.1 bases burglary upon knowingly entering unlawfully or knowingly remaining unlawfully in a building. Such conduct is unlawful when the person is not licensed or privileged to enter or remain. Sec. 569.010(8), RSMo 1978. The evidence was sufficient to establish the unlawful entry and that defendant remained on the premises unlawfully.

Defendant next contends that the court erred in submitting the burglary and stealing counts because the evidence established that the typewriter was taken under threat of physical force and the crime was therefore robbery. The state may select for prosecution a lesser or different offense even if the evidence also establishes guilt of a greater or different offense involving essentially the same facts. *State v. Skillman,* 228 Mo. 434, 128 S.W. 729 (1910); *State v. Koen,* 468 S.W.2d 625 (Mo.1971) [2]; *State v. Malveaux,* 604 S.W.2d 728 (Mo.App.1980) [8, 11]. The evidence established all the elements of burglary and of stealing, and it was not error to submit those crimes instead of robbery.

Defendant's final point is that the evidence was insufficient to support the stealing charge because there was no evidence that the market value of the typewriter exceeded $150. Section 570.020(1) RSMo.1978 codifies the case law of this state that "value" of stolen property is to be determined on the basis of its market value at the time and place of the crime. *See State v. Lawhorn,* 574 S.W.2d 455 (Mo. App.1978) [5, 6]. Here the only evidence of value was that the typewriter had been purchased new for $936 eight months before the crime. There was no evidence of its condition on March 15 or its resale or replacement value. Because it was never recovered, the jury was not able to examine it. We entertain some doubts that purchase price and age are logically sufficient evidence from which to determine market value in the absence of evidence of the condition of the stolen item. However, *State v. Napper,* 381 S.W.2d 789 (Mo.1964) [1] and *State v. Bresse,* 326 Mo. 885, 33 S.W.2d 919 (1930) [3] specifically state that those two facts are sufficient by themselves to establish value. We are bound by those cases.

Judgment affirmed.

SATZ and PUDLOWSKI, JJ., concur.