STATE of Missouri, Respondent,

v.

John Rodney MILLS, Appellant.

No. 51639.

Missouri Court of Appeals,
Eastern District,
Division Seven.

April 21, 1987.

Charles Hyler, Farmington, for appellant.

William L. Webster, Atty. Gen., John Morris, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES D. CLEMENS, Special Commissioner.

A jury found defendant John Rodney Mills guilty of feloniously stealing property valued at over $150. This under § 570.030, RSMo.1978. The trial court sentenced Mills as a two-time felon to 15 years in prison.

Defendant has appealed on a single ground. Thereby he contends the State failed to prove the property he stole had a value of $150. By § 570.020(1) "value" means the stolen property's market value at the time and place of the crime.

The State relies on the testimony of two men. First, owner George Jordan, a veteran dealer in auto parts, testified he discovered his two steel belted radial tires he had bought were missing from his place of business. Two weeks before he had paid $140, his seller's asking price. Mr. Jordan testified the tires' fair market value was $175 to $200 and he wouldn't have sold them for less.

Next, the State called Mr. David Lewis, manager of a nearby auto shop. He had been buying auto tires and wheels for 18 years and had closely examined the stolen tires and wheels before trial and in court. He testified their retail value was approximately $200.

We note that the theft here was in July, 1985, and the trial was nine months later, in April, 1986. Neither witness specified the time of his valuation, nor was asked whether there had been any changes in value, nor did defendant object to either valuation on the ground of timeliness.

Several cases have upheld felonious stealing convictions based on value at a time other than that of the taking. We first note *State v. Torregrossa*, 680 S.W.2d 220[2] (Mo.App.1984). There defendant challenged the value of a television where there was a 7–month lapse. We said:

> Given the nature of the property in question, the interval was not such as would destroy the probative value of the testimony regarding its retail and wholesale value. There being no other evidence of the value of the instrument, there was no occasion to instruct for the misdemeanor offense. [citations omitted] *Id.* at 226.

In *State v. Williams*, 643 S.W.2d 3[6] (Mo.App.1982) we held purchase price and age are "sufficient evidence from which to determine market value in the absence of evidence of the condition of the stolen item." *Id.* at 5. There our court relied on the next two cited cases.

*State v. Bresse*, 326 Mo. 885, 33 S.W.2d 919[3] (1930) was a case where defendant was convicted of felonious stealing of an

auto. Reversing the judgment on other grounds, the court stated: "[W]here the property is second-hand, as was this Ford, proof of its cost and its length of use may be put before the jury, and that constitutes evidence of value sufficient to support a finding (of its value)." *Id.* at 921.

Next, in *State v. Napper*, 381 S.W.2d 788[1] (Mo.1964) the court followed *Bresse.* The *Napper* court also cited and followed the early case of *State v. Norman*, 101 Mo. 520, 14 S.W. 661 (1890), where the only value evidence was that the owner had paid $30 (then the felony amount) for his coat eighteen months before the stealing. The *Norman* court ruled: "This evidence ... in connection with the fact that the coat was before the jury, warranted an instruction on grand larceny...." *Id.* 14 S.W. at 662.

We deny this defendant's contention the State failed to prove the stolen property had value of $150.

Affirmed.

GARY M. GAERTNER, P.J., and KAROHL, J., concur.