**STATE of Missouri, Respondent,**

v.

**Stephen J. BEEBE, Appellant.**

**No. WD 38932.**

Missouri Court of Appeals, Western District.

July 28, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1987.

Application to Transfer Denied Oct. 13, 1987.

L.R. Magee, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., and KENNEDY and LOWENSTEIN, JJ.

PER CURIAM:

The appellant, Stephen Beebe, was convicted by a jury of stealing property with a value of $150 or more. § 570.030, RSMo Supp.1985. He was sentenced to confinement in the Jackson County jail for one year. We affirm the conviction.

The sole issue on this appeal is the sufficiency of the evidence regarding value of the stolen property. Section 570.020, RSMo 1978, provides in pertinent part as follows: "For the purposes of this chapter ... 'value' means the market value of the property at the time and place of the crime ..." This language codified existing law regarding the standard used in larceny cases to value the property stolen. *State v. Torregrossa,* 680 S.W.2d 220, 226 (Mo. App.1984); *State v. Williams,* 643 S.W.2d 3, 5 (Mo.App.1982).

Taken in the light most favorable to the verdict, the State's evidence showed that on March 4, 1986, Beebe and a confederate stole a 16–foot flatbed trailer belonging to one Loyd Hughes. By a check dated December 1985, Hughes paid $745 for the trailer. He testified that the trailer was fine on the day it was stolen, in the same condition as when he purchased it. There was no other evidence regarding the value of the stolen property.

Beebe argues that the trial court erred 1) in denying his motion for judgment of acquittal because the evidence of value was insufficient; 2) in submitting the verdict-directing instruction on the basis of insufficient evidence as to value; 3) in admitting, over the objection that it was immaterial, Hughes' testimony that the purchase price of the trailer was $745.

■ The first and second assignments of error both assert that there was insufficient evidence of value to submit the case to the jury. This point is denied.

The State directs our attention to a line of cases indicating that evidence of the purchase price and age of the property is sufficient evidence of value to meet the requirements of § 570.020. *See State v. Napper,* 381 S.W.2d 789, 791–92 (Mo.1964); *State v. Bresse,* 326 Mo. 885, 33 S.W.2d 919, 921 (1930); *State v. Williams,* 643 S.W.2d 3, 5 (Mo.App.1982).

The appellant seeks to distinguish this line of cases with an assortment of arguments: that there was no objection to the evidence of purchase price in *Napper,* whereas there was an objection in the present case; that the jury in *Napper,* unlike the jury in this case, actually saw the stolen property; that the stolen property in *Williams* was purchased new and there was no such evidence here; that there was no evidence in the present case as to how intensively Mr. Hughes had actually used the trailer before it was stolen.

It is unnecessary to address each of these arguments individually, for the case of *State v. Higgins,* 568 S.W.2d 552 (Mo. App.1978) is on all fours with this appeal. In *Higgins* the owner of a stolen CB radio testified that the purchase price was $169, that it was stolen 25 months after he ac-

quired it, and that it was in the same condition when stolen as it was the day he got it. This was the only evidence presented regarding the value of the stolen radio. The trial court overruled a defense objection that the purchase price was immaterial. On appeal it was held that there was no error in denying the defendant's motion for judgment of acquittal as the evidence was sufficient to make a submissible case.

 Beebe's third point, asserting error in the admission into evidence of the purchase price of the trailer, is also denied. It is without question that purchase price is relevant to the determination of market value in larceny cases. *See State v. Mills,* 728 S.W.2d 319 (Mo.App.1987); *State v. Malone,* 582 S.W.2d 735 (Mo.App.1979); *State v. Lawhorn,* 574 S.W.2d 455 (Mo. App.1978).

The judgment is affirmed.

Before KENNEDY, C.J., and MANFORD and LOWENSTEIN, JJ.